JAMES O. RAMEY v. WILLIAM W. WOODWARD.

[44 South., 769.]

PRIMARY ELECTIONS. *Contests. Courts. Jurisdiction.*

> In the absence of a statutory grant of jurisdiction in such cases the courts will not hear and determine contested political party primary election cases, although such elections are provided for and sought to be regulated by law.

FROM the circuit court of Lafayette county.

HON. JAMES B. BOOTHE, Judge.

Ramey, appellant, was plaintiff in the court below; Woodward, appellee, was defendant there. From a judgment in defendant's favor the plaintiff appealed to the supreme court.

Appellant and appellee were rival candidates at the Democratic primary election, held on August 22, 1907, for the office of clerk of the chancery court. The regularly constituted county Democratic executive committee met and counted the vote, as provided by § 3705, Code 1906, and declared appellee the

nominee. Appellant demanded a recount, but this was refused him; whereupon he filed a petition in the circuit court, alleging various irregularities in the election, and asking for a trial by jury, as provided for contests in general elections by § 4186, Code 1906, claiming that § 3697, Code, providing that "all primary elections shall be governed and regulated by the election laws of the state in force at the time the primary election is held," etc., warranted contests in political party primary elections. Appellee demurred to the petition on the ground that the circuit court is without jurisdiction, having no authority to try contests between candidates of any political party under the primary election laws of the state. The court below sustained the demurrer and dismissed the petition.

*W. V. Sullivan,* for appellant.

Under sec. 3696 of the Primary Election Law, it is specifically and definitely provided:

"All nominations for state, district, county and county district offices, made by the different parties in this state, shall, hereafter be made by primary elections. All primary elections shall be governed and regulated by the election laws of the state, in force at the time the primary election is held, except as herein provided."

Careful reading and examination of the primary election law discloses that it does not provide for a contest.

The election laws of the state in force at the time of said primary do provide in express terms for such contest; as will be seen in § 4188 of the Code of 1908.

"A person desiring to contest the election of another person returned as elected to any office within any county may, within twenty days after the election, file a petition in the office of the circuit clerk of the county, setting forth the grounds upon which the election is contested; and the clerk shall thereupon issue a summons to the party whose election is contested, returnable to the next term of the court, which summons shall

be served as in other cases; and the court shall at the first term cause an issue to be made up and tried by a jury, and the verdict of the jury shall find the person having the greatest number of legal votes at the election."

It appears from the record in this case that the provisions of these two sections were followed to the letter.

A demurrer to the petition was sustained and an appeal taken. It is respectfully submitted, that these two sections must be construed together, and when so done, there is no logical or legal escape from the conclusion, that the petition was maintainable and that the court ought to have empaneled a jury and tried the case.

To hold that there must be a primary, as the only legal way to get on the ticket and at the same time to hold that there can be no contest however wrongful, the declared result would but put a premium on fraud, irregularity or rascality.

This matter must be argued and decided upon the statute, and citation of authorities is unnecessary and impossible.

*Falkner & Russell,* for appellee.

The circuit court has no jurisdiction of this cause. The primary election law of the state makes no provision for a contest except in § 3705 of the Code of 1906, it is provided that the county executive committee shall meet on the first or second day after each primary and shall receive and canvas the returns, declare the result and announce the names, etc.

It is clear that the legislature intended that all contests under the primary election laws of the state should be made before the executive committee. This is made clearer by an examination of the entire chapter of the Code on that subject—ch. 111, Code 1906.

It is insisted by counsel for appellant, that the language used in § 3697 of the Code of 1906, authorizes this contest under secs. 4186 and 4187—this cannot possibly be the true construction; the language is "All primary elections shall be

governed and regulated by the election laws of the state in force at the time the primary election is held," etc. What shall be governed and regulated by the election laws? Why, it is plain that it is the manner of holding the election, the printing and preparation of the ballot, the selection and conduct of judges and clerks, etc., and a failure to do so, subjects the one violating the law to indictment and the remedy of any person injured will be found in sec. 3705.

Suppose the officers do not comply with the law in holding the election and suppose there is fraud in it and illegal votes cast—what is the remedy? It is most certainly not to be found under sec. 4186, under which this petition was filed—that section provides for a contest in the general elections of the state—provides for an issue to be made up, a jury empaneled to try the case and to declare who is elected and entitled to the office. Here the court is asked to interfere with and declare fraudulent the primary election of Lafayette county —and to say whose names shall go on the ticket at the November election as the nominees of the Democratic party.

If the executive committee failed or refused to comply with the law, the only possible remedy is by mandamus, to compel them to perform a duty provided by law, and when the committee have performed their duty, there is no appeal from it to the court.

The jurisdiction of the court in this case can only be determined by a construction of § 3697, Code 1906, and by holding that it authorizes the remedy provided in the general election laws of the state in sec. 4186.
of the state in sec. 4186.

*W. V. Sullivan,* for appellant, in reply.

Appellant insists that the primary election law at present in force is entirely different from the primary election law of 1902, ch. 66, p. 105. The latter specifically provided in sec. 14 for an investigation full and searching on the part of the

county executive committee and made it its duty to exercise this power.

This provision is entirely left out of the Code of 1906 and it is manifest that it was not intended to leave an injured or defrauded person wholly remediless.

Hence we insist the sec. 3697 expressly provided that the general election law shall apply. Section 4186 describes the proceedings for a contest. The two sections give the exact relief without which a premium would be put upon fraud and dishonesty.

The case of *Brewer v. Abbay,* 82 Miss., 559, s.c., 35 South., 153, was decided under the law of 1902, which constituted the executive committee the legal tribunal to try all these questions. That portion of the law has been repealed.

The case of *Shines v. Hamilton,* 87 Miss., 384, s.c., 39 South., 1008, taken in connection with the two above recited sections of the Code of 1906, that is 3697 and 4186, render clear the only reasonable construction to be placed upon the present primary election law, consistent with justice and the ordinary rules of construction.

MAYES, J., delivered the opinion of the court.

There is no provision in the law for the courts to entertain contests between rival candidates of a particular political party, and determine for that party which of the candidates shall be declared its nominee. Under the primary election law of this state, this right is wisely committed to the constituted authorities of the party itself, and their determination of it is final and conclusive. The only contests that the courts can entertain are those originating under general election laws.

*Affirmed.*