CHARLES O. WHEDON ET AL., APPELLANTS, V. EDWARD P. BROWN ET AL., APPELLEES.

FILED DECEMBER 17, 1908.   No. 15,934.

Primary Elections: CONTESTS: JURISDICTION. The district courts are without power to consider and determine an original action instituted for the purpose of contesting the nomination of a legislative candidate at a primary election.

APPEAL from the district court for Lancaster county: WILLARD E. STEWART, JUDGE. *Affirmed.*

*Edward F. Pettis,* for appellants.

*Field, Ricketts & Ricketts, contra.*

ROOT, C.

Charles O. Whedon and Edward P. Brown were candidates at the recent primary election for the republican nomination for state senator in the Twentieth senatorial district in Nebraska. As a result of a canvass of the returns from the various voting precincts in said district, Brown was found to have received six more votes than Whedon, and the former's name was placed upon the official ballot as republican nominee for said office. On the 5th of October, 1908, said Whedon, with plaintiff Webster, both qualified electors resident in said district, commenced this action in the district court against Brown and defendant Dawson, the county clerk of Lancaster county, alleging that the election boards in said precincts prevented qualified electors who desired to vote for Whedon from voting at all; that in counting the ballots in many instances votes for Whedon were counted for Brown, and

that a considerable number of votes for Brown were evidenced by ballots indorsed by only one judge of election. If the statements in the petition are true, Whedon, and not Brown, was the republican nominee at said primary election. Plaintiffs prayed that the ballots cast at said election be recanvassed, and that defendant Dawson procure them for the court's inspection, etc. Defendants demurred on the ground that the court did not have jurisdiction of the subject matter of the action, and that the petition did not state a cause of action in plaintiffs' favor. The demurrer was sustained, and the petition dismissed. Plaintiffs appeal.

1. The primary election law may be found in chapter 52, laws 1907 (Ann. St. 1907, sec. 5862 *et seq.*). The evident purpose of this act is that candidates for legislative and other offices therein named shall be nominated at a primary election held under the secrecy of the Australian ballot law. The act is not more complex than the subject demands, and its provisions in most particulars are reasonably clear. The primaries are to be presided over by the same officers who would officiate if a special election were being held on said day. The ballots are to be counted and the results returned to the county clerk in manner and form provided by law relating to general elections. Ann. St. 1907, sec. 5877. The county clerk and two disinterested electors appointed by him are to commence the canvass of the returns on Friday succeeding the primary election, and the result thereof must be certified to the secretary of state. Sec. 5884. Section 5892, vests the county judge and the county court with power to hear on short notice and in a summary manner contests "as to county, city or precinct officers." By section 5898, the general election laws of the state are made applicable to the various provisions of the primary law, except as to contests. Section 5887, as originally prepared, related specifically to canvassing the returns from city primaries. The standing committee of the house amended said section by adding thereto the following:

"Whenever the candidate for any office under the primary law desires a recount of the votes he shall within three days after the canvassing board has completed its count file with the canvassing board an affidavit requesting and setting forth his reasons for requesting the same. He shall also state in said affidavit the names of the other candidates whose votes he desires recounted." There are further provisions that the vote shall not be recounted unless it shall appear that, conceding the allegations in the affidavit to be true, the result as found by the canvassing board would be changed.

It is argued with much plausibility that this proviso relates solely to securing a recount of the votes cast at city primaries, and, on the other hand, that, although the amendment is in the form of a proviso to the section relating specifically to city primaries, yet the language is so general that said statute comprehends every office voted for at any primary election. We do not deem it essential to decide the scope to be given this proviso. If it does relate to the election under consideration, then a plain statutory remedy for the correction of the principal errors complained of was afforded Mr. Whedon, which he has not pursued either by filing his affidavit within three days of the election or by requesting the canvassing board to recount the ballots. If the statute does not apply to the case at bar, then the primary act does not provide for contests by or against legislative candidates, and Mr. Whedon is without remedy, unless the district court in the exercise of its general jurisdiction may have cognizance of the case. It is apparent that an action in the district court would not furnish a contestant relief, as answer day would ordinarily be subsequent to the general election succeeding the primary, and the judgment of the district court overturning the result of the primary as announced by its officers would be a vain thing, and courts generally would refuse to try those cases. *Johnson v. Dosland*, 103 Minn. 147. In so far as the legislature has made provision, for contesting primary elections, it has

recognized the necessity for expedition and provided for summary and speedy action. The legislature may have been apprehensive of undue interference by the courts with the selection of party candidates for the legislature, and thereby indirectly influencing to some degree the membership of the house and senate. We are of opinion that the legislature, in providing for contesting primary nominations, might lawfully exclude legislative nominees, and that rival candidates for those nominations are bound by the action of the legislative branch of government. *Douglas v. Hutchinson,* 183 Ill. 323; *Hester v. Bourland,* 80 Ark. 145, 95 S. W. 992; *State v. Brown,* 90 Miss. 876, 44 So. 769; *Ramcy v. Woodward,* 90 Miss. 777, 44 So. 769.

If legislative candidates were inadvertently omitted from the provisions of the primary law concerning contests, we cannot supply the deficiency. *In re Contest Proceedings,* 31 Neb. 262. Counsel for plaintiffs cite *State v. Van Camp,* 36 Neb. 91. That case was mandamus to compel a county clerk to perform a ministerial duty to wit, to compare and canvass an abstract of votes filed with him. It is apparent that the case does not support plaintiffs' contention. We do not deem it necessary to discuss the general election laws concerning contests, because, as heretofore demonstrated, the primary law specifically excludes the general election statute in the matter of primary election contests. Nor are the opinions, cited from states wherein the primary election law provides for contests, of value in deciding the instant case.

We are of opinion that the record is without error, and we therefore recommend that the judgment of the district court be affirmed.

FAWCETT and CALKINS, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.