HOWARD *et al. v.* SHELDON *et al.*\*

(Division A.   May 14, 1928.   Suggestion of Error Overruled Aug. 1, 1928.)

[117 So. 839.   No. 27217.]

*Corpus Juris-Cyc. References: Elections, 20CJ, p. 139, n. 45.

*J. Morgan Stevens* and *J. H. Howie,* for appellants.

*D. E.* and *C. W. Sullivan* and *T. J. Wills,* for appellee.

Argued orally by *J. Morgan Stevens,* and *J. H. Howie,* for appellants, and *T. J. Wills,* for appellee.

SMITH, C. J. This is an appeal to settle the principles of the case, from a decree overruling a demurrer to an original bill and declining to dissolve a temporary injunction granted thereon. The appellees, who were complainants in the court below, are members of the Republican Party in the state of Mississippi, and the appellants, who were defendants in the court below, are members of the various executive committees, state, district, county, etc., of the Republican Party in Mississippi.

The primary elections law (chapter 111, Code of 1906; chapter 167, Hemingway's 1927 Code) regulates the calling and holding of all state and county conventions by political parties, for the purpose of electing executive committeemen, presidential electors, and delegates to the national party conventions. The county conventions are composed of persons elected thereto in each county supervisor's district, and the state conventions are composed of delegates appointed thereto by the county convention.

The appellees here, who are members of the Mississippi Republican State Executive Committee, fixed the day for the holding of the state and county conventions and for the election of delegates to the county conventions, so that the state convention might meet early enough to elect delegates to the national convention which meets at Kansas City on June 12, 1928. Thereupon the appellees exhibited an original bill in the court below, setting forth that the state executive committee had violated the primary elections law in several particulars in providing for the county and state conventions, and praying for an injunction against the holding of the conventions and the elections at which the delegates to the county conventions were to be elected. A demurrer to this bill and also a motion to dissolve a temporary injunction granted thereon were both overruled.

No jurisdiction has been expressly conferred by any statute upon the courts of this state to interfere with, or regulate, the holding of primary elections and conventions by political parties, and, in *Ramey* v. *Woodward,* 90 Miss. 777, 44 So. 769, and *State* v. *Brown et al.,* 90 Miss. 876, 44 So. 769, this court held that the courts should not assume such jurisdiction. The reason therefor, as was clearly pointed out by Judge WHITFIELD, in his concurring opinion in *State* v. *Brown, supra,* is that the time which must necessarily be consumed by the courts in attempting to settle controversies relative to the holding of primary elections and conventions is such as would destroy, in most cases, the very purpose which the legislature sought to accomplish by the enactment of the primary elections law. The time intervening between the calling and holding of primary elections or conventions is always necessarily short, and would, in most instances, elapse, as it has in the case at bar, before the courts could decide a controversy relative thereto. Such would always be the case should successive appeals to this court be taken.

Counsel for both the appellants and the appellees say, for reasons not necessary to be set forth, that the case presented by this record is not a moot one, and we have decided it without inquiring into that question.

The decrees rendered by the court below, overruling the demurrer to the bill and declining to dissolve the injunction granted thereon, will be reversed, the injunction will be dissolved, and the cause remanded.

*Reversed and remanded.*