FEDERAL LAND BANK OF NEW ORLEANS *v.* MISSISSIPPI POWER & LIGHT CO. *et al.*

(Division B. May 5, 1930.)

[128 So. 98. No. 28658.]

P. Z. and R. L. Jones, of Brookhaven, and Wells, Jones, Wells & Lipscomb, of Jackson, for appellant.

**Brady, Dean & Hobbs,** of Brookhaven, for appellees.

**Green, Green & Potter,** of Jackson, for appellees.

**Griffith, J.,** delivered the opinion of the court.

Appellant had a first mortgage on the lands in question, and the Brookhaven Bank & Trust Company, one of the appellees, had a second mortgage. Without the consent of the owner of the land, that is to say, the mort-

gagor, and without the consent of either of the mortgagees, the appellee power and light company entered upon the land and constructed across it a power line and in doing so cut and destroyed timber to the value of not less than six hundred dollars. The owner instituted an action at law against the said power company for the trespass aforesaid which was settled with the owner at an agreed amount of six hundred dollars, and this was paid to the second mortgagee. The appellant, first mortgagee, thereupon instituted suit in equity demanding that the said sum be delivered over to it, to be held in trust against the annual maturities of the installments due under its deed of trust, running through a period of thirty-five years.

The deed of trust held by appellant is for one thousand six hundred dollars. There is no allegation in respect to the value of the land against which the deed of trust stands, and so far as the bill shows the said land may be worth twenty-five thousand dollars. Moreover, there is no sufficient allegation that as a matter of fact the construction of the power line across the land, and its situation thereon, as same presently exists, has actually depreciated the aggregate value of all the property which is now embraced in the security. Construing the bill strongly against the pleader, as must be done of course, the most that we have before us, of which appellant complains, is a technical wrong to it, without injury in fact. And since a court of equity does not take cognizance of injuries which have no real substance and are only nominal, the demurrers were properly sustained.

Affirmed.