BRUMFIELD *et al. v.* BROCK *et al.*

(In Banc. July 5, 1932.)

[142 So. 745. No. 30203.]

Greek Rice, Attorney-General (by W. H. Watkins, Special Assistant Attorney-General), for appellants.

Hugh V. Wall, of Brookhaven, J. O. S. Sanders, of Jackson, W. S. Henley, of Hazlehurst, J. H. Price, of Magnolia, P. C. Canizaro, of Vicksburg, Chalmers Potter, of Jackson, Sam V. Anderson, of Greenville, G. G. Lyell, of Jackson, W. G. McLain, of McComb, and R. L. Jones, of Brookhaven, for appellees.

Per Curiam:—The appellants in this case are the secretary of state and members of the board of supervisors of Pike county and members of the democratic executive committee of that county. The appellees are taxpayers and qualified electors of Pike county.

Appellees filed their bill in the chancery court of Pike county against appellants seeking to restrain them from holding the August Democratic primary election for the nomination of candidates for Congress by districts, and requiring that the election be held in the state at large for such nominations, and praying further that those of the appellants, including the secretary of state, having to do with the general election in November of the present year for the election of congressmen from this state be restrained from carrying out the plan of electing them by districts, but instead be required to take the necessary official action in order that they may be elected from the state at large; the gravamen of appellees' bill being that House Bill No. 197 passed at the 1932 session of the Legislature, for redistricting the state for the election of congressmen, is void because it is violative of paragraph 1, section 4, of article 1 of the Federal Constitution.

A temporary injunction was issued. Appellants demurred to the bill, which had been amended by leave of court, and made a motion to dissolve the injunction,

which motion was heard on bill as amended, exhibits thereto, and demurrer. A decree was rendered over-ruling the motion and sustaining the demurrer in part. From that decree this appeal was granted to settle the principles of the cause.

The bill alleged that the redistricting act violated section 3 of the Act of Congress of August 8, 1911 (title 2, U. S. C. A.), and that the election officers of the state, as well as the party machinery of the democratic party of the state, would proceed to hold the primary election in August for the nomination of congressmen, and the November election for the election of congressmen, from the state by congressional districts under said redistricting act instead of from the state at large; that the secretary of state would use moneys from the state treasury in carrying out the general election in November, and that the boards of supervisors of the various counties of the state would use public funds of the counties in paying the expenses of holding the primary election. The prayer of the bill is in the following language:

"That the democratic executive committee of the state be enjoined and restrained from receiving returns of the primary election for Congress, as well as from declaring a nominee in the congressional primary; and that the secretary and said state democratic executive committee be enjoined from receiving and accepting notice of intention from any person desiring to become a candidate for nomination for Congress from the districts sought to be established by said act of the Legislature, from accepting the filing fees of such persons, and from certifying their names as candidates to the executive committees of the various counties of the state.

"That the defendants, the democratic executive committee of Pike county, Mississippi, be enjoined and restrained from doing any act or incurring any expense payable out of the public funds in undertaking to hold a primary election in conformity with or in recognition

of said act of the Legislature of the state of Mississippi redistricting the state into seven congressional districts.

"That the defendants, the board of supervisors of Pike county, Mississippi, be restrained and enjoined from expending any of the public funds of Pike county, Mississippi, for the payment of any expenses incurred in or about either a primary or a general election for the nomination and election of the representatives in Congress by districts, as proposed by said act of the Legislature; and that the election commissioners of Pike county be restrained and enjoined from incurring any expense or doing any acts in and about a general election for the election of members of Congress from districts in the state of Mississippi as outlined in the said act of Legislature, and especially the Seventh Congressional District as laid out by them.

"And may all the defendants be restrained and enjoined from doing any acts in conforming with or recognition of this invalid act of the Legislature of the state of Mississippi heretofore mentioned in this bill."

The chancellor sustained the demurrer as to the state executive committee, the county executive committees, and the county election officers, but enjoined the chancery clerk of Pike county and the board of supervisors of that county from spending any public moneys to defray the expense of the primary election for the nomination of congressmen by districts, and the secretary of state from spending moneys out of the state treasury, either for the primary election or the general election for the preparation of ballots to be used in the nomination or election of congressmen by districts, and from accepting returns therefrom and receiving and tabulating such returns.

Paragraph 1, section 4, article 1, of the Federal Constitution, is in this language: "The times, places and manner of holding elections for senators and representatives, shall be prescribed in each state by the Legislature thereof; but the Congress may at any time by law make

or alter such regulations, except as to the places of choosing senators.''

Section 3 of the Act of Congress of August 8, 1911, follows: ''Section 3. Election by districts. In each state entitled under this apportionment to more than one representative, the representatives to Congress shall be elected by districts composed of a contiguous and compact territory, and containing as nearly as practicable an equal number of inhabitants. The said districts shall be equal to the number of representatives to which such state may be entitled in Congress, no district electing more than one representative. (Aug. 8, 1911, chap. 5, sec. 3, 37 Stat. 14).''

The demurrer to the bill admits, of course, its allegations that the congressional districts as mapped out by House Bill No. 197 of the Legislature of 1932 do not contain as nearly as practicable an equal number of inhabitants; that, in fact, the inequality is glaring, unjust, and unfair. The demurrer raises the question of the jurisdiction of the chancery court.

Has the chancery court jurisdiction of this cause? It seems, in view of the decisions of this court, to ask that question is to answer it in the negative. By a long line of decisions this court has held that courts of equity deal alone with civil and property rights and not with political rights. Ex parte Wimberly, 57 Miss. 437; Gibbs v. McIntosh, 78 Miss. 648, 29 So. 465; State ex rel. Brewer v. Abbay, 82 Miss. 559, 35 So. 153; Conner v. Gray, 88 Miss. 489, 41 So. 186, 19 Ann. Cas. 120; Native Lumber Co. v. Board of Supervisors, 89 Miss. 171, 42 So. 665; Ramey v. Woodward, 90 Miss. 777, 44 So. 769; Power v. Ratliff, 112 Miss. 88, 72 So. 864, 865, Ann. Cas. 1918E, 1146; Town of Sumner v. Henderson, 116 Miss. 64, 76 So. 829; Power v. Robertson, 130 Miss. 188, 93 So. 769; Howard v. Sheldon, 151 Miss. 284, 117 So. 839; Barnes v. McLeod (Miss.), 140 So. 740. In the last case cited, all the authorities from this state were reviewed and analyzed.

In Power v. Ratliff, supra, the court quoted with approval the language of the Supreme Court of Oklahoma in City Council of McAlester v. Milwee, 31 Okla. 620, 122 Pac. 173, 40 L. R. A. (N. S.) 576, to the effect that courts of equity deal alone with civil and property rights and not with political rights.

Appellees argue that there is more involved here than political rights; that as taxpayers of the state their property rights are involved, in that if candidates for Congress are nominated in a void primary election and are elected in a void general election there will be great expense thereby incurred, which will have to be paid out of public funds, affecting them as such taxpayers. In the first place the allegation that great expense will be incurred is a mere conclusion of the pleader. It is not an allegation of fact. Mitchell v. Railway Co., 77 Miss. 917, 27 So. 834; Jones v. Rogers, 85 Miss. 802, 38 So. 742; State v. Henry, 87 Miss. 125, 40 So. 152, 5 L. R. A. (N. S.) 340; Metcalfe v. Bank, 89 Miss. 649, 41 So. 377; State ex rel. Booze v. Cresswell, 117 Miss. 795, 78 So. 770.

The court will take judicial notice that in the primary election to be held on the 23rd of August there are to be nominated other state officers than congressmen, and that the nominees in that election for those official positions will be voted on in the general election to be held in November, together with certain constitutional amendments submitted by the Legislature. Therefore, the only possible expense that could be incurred on account of a void nomination and election for congressmen would be to slightly lengthen the ballot, the expense of which would be trifling. Power v. Ratliff, supra, settles this question against the appellees' contention. The court said in that case that, "if submitted, the questions so presented will not require the holding of an additional election, but will simply lengthen the ticket to be voted on at the regular election of this year. If appellant submits the questions to a vote of the people, the additional burden of taxation upon complainants will be the paltry

sum of a few cents, an injury trifling and insignificant.'' A court of equity will refuse to notice injuries which are merely nominal and which have no real substance. Federal Land Bank v. Mississippi Power & Light Co., 157 Miss. 737, 128 So. 98.

Reversed, and bill dismissed.