## BARNES et al. *v.* BARNETT et al.

No. 41856 May 8, 1961 129 So. 2d 638

*Pyles & Tucker*, Jackson, for appellants.

*Edward L. Cates, Asst. Atty. Gen.,* Jackson, for appellees.

210

Ethridge, J.

This suit originated as an action in the Chancery Court of Jackson County to enjoin a special election to be held on June 7, 1960, on a constitutional amendment. The issue is whether the trial court was correct in refusing to enjoin holding of the election on the amendment, where the bill alleged procedural and substantive

defects in the legislative resolution ordering its submission, the notice of election, and the proposed method of holding it. We conclude that the injunction was properly denied.

Miss. Const. Sec. 273, as amended in 1959, provides the method of amending the State's Constitution. It requires that "public notice shall then be given by the secretary of state thirty days preceding an election . . . ", at which the qualified electors shall vote for or against the amendment.

On April 28, 1960, the Legislature enacted House Concurrent Resolution No. 43. Miss. Laws 1960, Chap. 512, pp. 854-855. This resolution provided that the "right to work" amendment should be submitted to the qualified electors "for ratification or rejection at an election to be held on the first Tuesday after the first Monday in June, 1960," which would be June 7, 1960. On May 6, 1960, the secretary of state had notice published of the forthcoming election on the proposed constitutional amendment, in the three daily newspapers published in the City of Jackson, Hinds County, Mississippi, namely, the Clarion Ledger, Jackson Daily News, and State Times.

On May 27, 1960, appellants filed a bill of complaint for injunction in the chancery court against appellees, the Governor, Secretary of State and Attorney General, as members of the State Board of Election Commissioners; and also against 247 other defendants, being the commissioners of election of the 82 counties in the State. Complainants were 36 resident citizens and taxpayers of various counties.

The bill of complaint alleged five principal grounds to support their claims that the proposed resolution was void, and the proposed election of June 7, 1960, would also be invalid, and should be enjoined from being held. They were: (1) the secretary of state did not properly publish notice of the election; (2) it would be improper

to hold the special election on the constitutional amendment at the same time and with the same officers who would conduct the concurrent Democratic Party primary election; (3) HCR No. 43 is a void enactment, because the legislature had not been properly constituted and apportioned as required by the Mississippi and Federal Constitutions; (4) the resolution failed to direct the calling of an election; and (5) the "manner and method" by which the resolution was adopted violated the State and Federal Constitutions. Complainants alleged they had a substantial and real interest in the special election, as citizens, electors and taxpayers, and as representatives of other similar parties as a class; that the election would require the expenditure of public funds for an illegal purpose, and complainants would suffer irreparable damage. The bill asks for a temporary, and later a permanent, injunction enjoining defendants from expending public funds for the printing of ballots for the special election, illegally submitting the question of the proposed constitutional amendment, and conducting the election jointly with the Democratic Party primary election.

Defendants filed a general demurrer, pleading that the court did not have jurisdiction of the subject matter, and there was no equity on the face of the bill. The chancery court overruled the demurrer, but dismissed the bill on the ground it was without jurisdiction to grant the relief sought. We affirm that decree, for two reasons: (1) Because the general demurrer should have been sustained, since the bill stated no grounds for relief; and (2) because under established principles, the court was without power to enjoin the holding of an election on the constitutional amendment.

 █ Constitution Sec. 273, as amended in 1959, provides for the method of notice of an election on a proposed amendment. It states that "public notice shall then be given by the secretary of state at least thirty

days preceding an election''. The bill alleged that the secretary of state published such notice on May 6, 1960. This complied with the constitutional requirement, being thirty days before the election of June 7. The bill alleged that publication was had in the three daily newspapers published in the City of Jackson. Jackson is the state capitol, and we think that such publication in this manner is in accord with the requirement of Sec. 273. It is the controlling mandate for publication of notice. Miss. Code 1942, Rec., Sec. 4211 states that the secretary of state shall publish the proposed amendment ''two weeks previous to an election . . . in the official newspaper in the respective counties of the state . . . '' The provisions of Sec. 4211 are directory and not mandatory. Constitution Sec. 273 prescribes the necessary publication, and the method followed in the instant case was sufficient compliance with the constitutional requirement. An act of the legislature containing a provision relating to publication of a proposed constitutional amendment, in addition to the constitutional requirement, will be treated as directory only with respect to such provision. Cartledge v. City Council of Augusta, 189 Ga. 267, 5 S. E. 2d 661 (1939); State ex rel Board of Fund Commissioner v. Holman, 296 S. W. 2d 482 (Mo. 1956); 16 C. J. S., Constitutional Law, Sec. 9, pp. 53-54.

 HCR No. 43 clearly directed and called the election on the ''right to work'' amendment for the first Tuesday after the first Monday in June 1960, which was June 7. It required that ''an election'' shall be held at that time. Attached to the bill of complaint was an exhibit, which prevails over general allegations in the bill. It was a sample official ballot for the election, at the end of which were instructions by the secretary of state to ticket commissioners. They direct that the ballot should show ''only the proposed amendment to the constitution'', and ''separate ballot boxes should be used

from the primary election''. The bill charged further that the election on the constitutional amendment would be held at the same time of the Democratic Party primary election, and this would create confusion and invalidate the election. However, the exhibit showed that separate ballots were directed by the secretary of state to be used for the proposed amendment, and separate ballot boxes. Under these circumstances, this Court has previously approved the submission of a constitutional amendment on the same day at which another election is being held. In State ex rel McClurg v. Powell, 77 Miss. 543, 27 So. 927 (1900), it was observed that ''for seventy odd years the policy of the state'' had followed that procedure. See also Brumfield v. Brock, 169 Miss. 784, 142 So. 745 (1932).

 The bill further alleged that HCR No. 43 is an illegal and void enactment, in that it was attempted to be adopted by the House and Senate at a time when neither of the houses of the Legislature were constituted and apportioned in accordance with Article 13 of the State Constitution, Secs. 254-256; and that this situation also violated the Fourteenth Amendment of the United States Constitution. No facts are averred to support this general charge. Hence, even if the apportionment issue is a judicial question, the bill of complaint was insufficient to allege facts to make a judicial issue.

 However, an almost universal rule of constitutional law is that the apportionment and reapportionment of the membership of a state legislature and of congressional districts is a political question and not a judicial one. Two reasons are asserted for this principle: Lack of jurisdiction of the judicial department over the separate and independent legislative department, and the inappropriateness of the subject matter for judicial consideration. Due regard for the effective working of our government demonstrates this issue to be of a peculiarly political nature, and therefore not

one for judicial determination. The remedy for unfairness in districting and apportioning representation is at the ballot box, and not by judicial decree. The leading case so holding is Colegrove v. Green, 328 U. S. 549, 66 S. Ct. 1198, 90 L. Ed. 1432 (1946). See also Baker v. Carr, 179 F. Supp. 824 (U.S.D.C. Tenn. 1959), now pending appeal before U. S. Supreme Court. ██ ██ Moreover, Miss. Constitution Sec. 256 states that the legislature "may" after each decennial census make a new apportionment of senators and representatives. This particular provision is not mandatory, as is the constitutional requirement in Tennessee.

██ ██ In short, the bill of complaint on its face and for the above reasons was insufficient to state any ground for relief. Hence the chancery court should have sustained the general demurrer to it, but, since the court reached the right result, the decree will be affirmed on that first ground.

██ ██ The decree was also proper for a second reason, namely, that stated therein: The want of power or jurisdiction in the court to enjoin the holding of an election for submission of a proposed constitutional amendment. The leading case in this state is Power v. Ratliff, 112 Miss. 88, 72 So. 864 (1916). Complainant sought to enjoin the secretary of state from submitting certain initiative measures to the people, under the initiative and referendum amendment to the Constitution (later held to be invalid). It was held that an injunction would not lie to restrain the holding of such an election, since complainants were not affected in their civil and property rights any differently from the general public. The election was a preliminary step, a purely political matter, not affecting the substantial property or civil rights of complainants.

Power v. Ratliff was followed in Brumfield v. Brock, 169 Miss. 784, 142 So. 745 (1932). It was said that courts of equity "deal alone with civil and property rights and

not with political rights''. The Court refused to enjoin
the Democratic primary election for the nomination of
candidates for Congress by districts, under the state re-
districting act of 1932.

Power v. Robertson, 130 Miss. 188, 93 So. 769 (1922),
is distinguishable. *Power* held that certiorari would lie
from action of the secretary of state in ordering an elec-
tion on an initiative bill. The Court observed that ap-
peal by certiorari was different from a suit for injunc-
tion, condemned in Power v. Ratliff, because the review
was by writ of certiorari to the circuit court of general
jurisdiction and under the peculiar provisions of the in-
itiative and referendum amendment. 130 Miss. at 227.
The latter was held to be void, because approved at an
election which did not separately submit separate sub-
jects.

State ex rel McClurg v. Powell, *supra,* upon which ap-
pellants rely, was not an injunction suit. The election
on the constitutional amendment changing the judiciary
from an appointive to an elective basis had already been
held. The state brought quo warranto proceedings,
and the incumbent appointee defended successfully on the
ground that this constitutional amendment had been in-
validly approved because it had submitted together sev-
eral propositions. In summary of this second basis of
our decision, the chancery court properly dismissed the
bill for want of power or jurisdiction to enjoin holding
of the election. This is the established rule in Mississippi
and elsewhere. 18 Am. Jur., Elections, Sec. 117; see also
Anno., 19 A. L. R. 2d 519 (1951).

Affirmed.

*Lee, P. J.,* and *Kyle, Arrington* and *Rodgers, JJ.,* con-
cur.