642 So.2d 1336 (1994)
In re Roger H. McMILLIN, jr., Republican Candidate for the Intermediate Court of Appeals for District 1.
No. 94-M-00485.
Supreme Court of Mississippi.
September 15, 1994.
*1337 Thomas R. Trout, New Albany, for petitioner.
Michael B. Wallace, Chuck Barlow, Phelps Dunbar, Jackson, for respondent.
En Banc.
PRATHER, Presiding Justice, for the Court:

I. INTRODUCTION
By order dated May 31, 1994, this Court granted Roger H. McMillin's Petition for an Extraordinary Writ of Prohibition, which order dissolved three orders of the Hinds County Chancery Court, First Judicial District, and allowed this state's judicial primary elections to proceed as statutorily scheduled on June 7, 1994. The purpose of this opinion is to provide the reasoning behind this Court's actions in this matter.

II. PROCEDURAL HISTORY
Primaries for the Mississippi judicial elections were scheduled by statute for Tuesday, June 7, 1994. On May 23, 1994, in Cause No. G94-1158 filed in the Hinds County Chancery Court, Henry Kirksey, Senator Robert L. Johnson, Representative Ferr Smith, Robert Miller, and M.C. Williams sought an injunction against the Mississippi Democratic Party Executive Committee and the Mississippi Republican Party Executive Committee which would prohibit the holding of the judicial primary elections. Hinds County Chancellor W.O. "Chet" Dillard issued a preliminary injunction on May 23, 1994, and a corrected preliminary injunction on May 24, 1994, enjoining both Committees from conducting the judicial primary elections for County Court, Circuit Court, Chancery Court, and the Intermediate Court of Appeals until preclearance of House Bill 1809 by the Department of Justice under § 5 of the Voting Rights Act of 1965, 42 U.S.C. § 1973c was obtained. In a third order, Chancellor Dillard ordered that the preliminary injunction be submitted for § 5 preclearance. No appeal was taken from these orders by defendants.
In a separate action filed in this Court on May 24, 1994, Roger H. McMillin, Jr., Republican *1338 candidate for the Court of Appeals for Congressional District 1, State of Mississippi, sought a Writ of Prohibition directed to Chancellor Dillard and all parties in the original Hinds County Chancery action, asserting that the preliminary injunction previously issued by Chancellor Dillard was null and void and seeking an order of this Court directing that the June 7, 1994, judicial primary elections proceed as scheduled by statute. The plaintiffs in the original Hinds Chancery Court action opposed McMillin's petition; the defendant executive committees supported the petition; and Chancellor Dillard voiced no opinion.
In a third proceeding, another complaint seeking preliminary injunction of the June 7, 1994, judicial primaries was filed in the Lee County Chancery Court, wherein McMillin intervened as a party. By order entered May 25, 1994, Chancellor Timothy E. Ervin declined to issue a preliminary injunction to stay the judicial primary elections. This Court may, and does, take judicial notice of the Lee County Chancery complaint and resulting order, which is contrary to the Hinds County Chancery order on the same issue. M.R.E. 201; Walls v. Mississippi State Bar, 437 So.2d 30, 33 (Miss. 1983).
In light of the conflicting orders from coequal courts and the overriding public importance of the issue, this Court addressed the matter and granted McMillin's Petition for An Extraordinary Writ of Prohibition by Order dated May 31, 1994, and dissolved the preliminary injunction issued by the Chancery Court of Hinds County.

III. THE FACTS
Judicial elections in this state are governed by the Mississippi Election Code, § 23-15-1, et seq. Primary judicial elections are governed by § 9-9-7 and §§ 23-15-845, -847, -971, -974, and -1013. Pursuant to these statutes, the judicial primaries were scheduled for June 7, 1994. Seeking to redistrict judicial offices under constitutional mandate and add additional judges to the court of appeals, the 1994 Legislature passed House Bill 1809. In addition to increasing the number of judges statewide, the Bill provides that all judicial elections in this state will be nonpartisan; it also repeals the previously cited statutes, which provide for political party nominations and primary elections. See H.B. 1809 §§ 76-87, 102. The Bill was signed by Governor Fordice and submitted to the United States Attorney General for preclearance pursuant to § 5 of the Voting Rights Act of 1965, 42 U.S.C. § 1973c, as amended and extended. The United States Attorney General had taken no action regarding H.B. 1809 as of May 31, 1994, the date on which this Court issued its Order in this matter.

IV. THE LAW AND ANALYSIS

Jurisdiction of this Court and Standing of Petitioner
This Court has jurisdiction to issue a writ of prohibition pursuant to both Miss. Sup.Ct.R. 21 and Miss. Code Ann. § 9-1-19 (1972 and Supp. 1993). See also State v. Maples, 402 So.2d 350, 353 (Miss. 1981). McMillin's standing to file a Petition for an Extraordinary Writ of Prohibition pursuant to Miss.Sup.Ct.R. 21 is less clear.
Rule 21 contemplates that the party filing a petition for Writ of Prohibition in this Court was a party "below" in the trial court:
All parties below other than the petitioner shall also be deemed respondents for all purposes.
Miss.Sup.Ct.R. 21(b). The comment to Rule 21 states that "a party must seek relief in the trial court before obtaining the extraordinary relief of a remedial writ from the Supreme Court."
However, Miss.Sup.Ct.R. 2(c) allows this Court to "suspend the requirements or provisions of any of these rules in a particular case" for "good cause shown." Although McMillin was not a party to the original Hinds County action below and did not seek relief in the Hinds County trial court prior to filing his Petition with this Court, he has shown good cause for this Court to suspend those requirements of Rule 21:
The Petitioner was not a party to the action in the Hinds Chancery Court. Petitioner obtained some advance warning that such an action might be imminent, and his counsel contacted Judge Dillard on Sunday *1339 afternoon, May 22nd, to inquire about the matter and express an interest in being heard. Counsel was informed at that time (Sunday afternoon) nothing had been filed. The preliminary injunction issued the next morning at 11:25 a.m. without any notice to Petitioner.
The Petitioner has no adequate remedy through the ordinary processes of the Chancery Court of Hinds County to obtain any redress. In order to be heard, MRCP 24 would require a motion to intervene, notice to all parties, and a hearing, before Petitioner could even become a party to the action entitled to move to dissolve the injunction. Because of the evident time constraints imposed by the election calendar, this action under the original jurisdiction of the Supreme Court is the only means available to Petitioner to obtain relief in the State judicial system.
Petitioner's Brief in Support of Petition for an Extraordinary Writ of Prohibition. Moreover, this "good cause shown" is in keeping with the original equitable principle behind the issuance of a writ of prohibition: "that there is no wrong without a remedy." Maples, 402 So.2d at 353.
Additional good cause was shown by McMillin when he directed this Court's attention to the Lee County action where he was an intervenor, which, in direct conflict with the Hinds County action, did not result in a stay of the judicial primaries. This Court takes judicial notice of the contradictory actions of the Hinds and Lee County Chancery Courts regarding judicial primary elections and further notes the public importance of the matter.
This Court has original jurisdiction to grant a writ of prohibition. Pursuant to Miss.Sup.Ct.R. 2(c), and for good cause shown, this Court suspends those provisions of Rule 21 which would otherwise prevent McMillin from having the proper standing to petition this Court for a writ of prohibition.

Authority of the Chancery Court
Chancery courts in this state do not have the jurisdiction to enjoin elections or to otherwise interfere with political and electoral matters which are not within the traditional reach of equity jurisdiction. Howard v. Sheldon, 151 Miss. 284, 294, 117 So. 839, 839 (1928); Goodman v. Rhodes, 375 So.2d 991, 993 (Miss. 1979). See also Barnes v. McLeod, 165 Miss. 437, 140 So. 740 (1932); Brumfield v. Brock, 169 Miss. 784, 142 So. 745 (1932); Barnes v. Barnett, 241 Miss. 206, 129 So.2d 638 (1961); Todd v. Smith, 331 So.2d 920 (Miss. 1976). Moreover, the action taken by the Hinds County Chancery Court in enjoining the judicial primaries constitutes a change in voting standards, practices and procedures also subject to § 5 preclearance or approval. See Dougherty County Board of Education v. White, 439 U.S. 32, 99 S.Ct. 368, 58 L.Ed.2d 269 (1978). As is the case with H.B. 1809, no such preclearance of the injunction issued by the Hinds County Chancery Court was obtained. Voting changes subject to § 5 "will not be effective as law until and unless cleared." Connor v. Waller, 421 U.S. 656, 656, 95 S.Ct. 2003, 2003, 44 L.Ed.2d 486 (1975). See also Clark v. Roemer, 500 U.S. 646, 652, 111 S.Ct. 2096, 2101, 114 L.Ed.2d 691 (1991) (failure to obtain preclearance leaves the proposed change unenforceable).
It follows that the preliminary injunction at issue, even if within the jurisdiction of the chancery court to grant, cannot be enforced without preclearance. Likewise, H.B. 1809 cannot be enforced without preclearance. Consequently, the statutes currently governing primary judicial elections and setting such elections for Tuesday, June 7, 1994, are the only enforceable provisions regarding said primaries.

V. CONCLUSION
In view of the foregoing, this Court grants McMillin's Petition for An Extraordinary Writ of Prohibition; dissolves the May 23, 1994, preliminary injunction and the May 24, 1994, preliminary injunction and order of the Hinds County Chancery Court; and dismisses the Bill of Complaint filed in the Hinds County Chancery Court in Cause No. G94-1158.
PETITION FOR AN EXTRAORDINARY WRIT OF PROHIBITION GRANTED. *1340 BILL OF COMPLAINT DISMISSED.
HAWKINS, C.J., and SULLIVAN, PITTMAN, BANKS, JAMES L. ROBERTS, Jr. and SMITH, JJ., concur.
DAN M. LEE, P.J., concurs in results only.
McRAE, J., not participating.