BRADY, Justice.
This is an appeal from a judgment of a special tribunal organized in Monroe County to determine the correctness of an order of the County Democratic Executive Committee of that county. Following the second primary election held on August 29, 1967, the appellee, Paul Sisk, filed a contest with the Democratic Executive Com *255 mittee of Monroe County, as a result of which he was declared to be the party nominee for the office of supervisor of District 5. The appellant, Francis, filed a petition for judicial review of the executive committee’s order. By consent of all litigants, a special tribunal, appointed to hear the petition, consolidated with this case two other companion cases arising out of District 5 of Monroe County. The latter two cases appear in this Court as Kennedy v. Ritter, Miss., 205 So.2d 258, and Crawley v. Beasley, No. 44,936, Miss., 205 So.2d 259, dealing with the offices of constable and justice of the peace, respectively. The facts and legal issues are the same in all three cases with only one exception. In Cause No. 44,936 no motion was filed seeking, to dismiss the petition of appellee Beasley for the reason he had given proper legal notice, within the statutory twelve day period, of his intention to examine the ballot boxes of District 5. The special tribunal affirmed the order of the Democratic Executive Committee, and from that decision this appeal is prosecuted.
After the second primary, the Democratic Executive Committee conducted its official canvass of the returns of that election. It certified that the appellant Francis was the nominee and that he received 1,101 votes compared to 817 votes cast for ap-pellee Sisk. The appellee filed a contest of the .election, alleging that 392 ballots had been counted which had not been printed at the direction and by the authority of the executive committee; that 391 of these ballots bore spurious initials purporting to be those of the election manager; and that one of the ballots was not initialed. He alleged further that the 391 ballots bearing the spurious initials had all been cast for the appellant, Francis. Following notice to all parties on September 18, the Democratic Executive Committee convened on October 3 to hear the contest. The appellant appeared with his attorney and objected to any examination of the contents of the ballot boxes since the twelve day period allowed by Mississippi Code 1942 Annotated section 3169 (1956) for examining the ballot boxes had expired. He alleged that no notice of any examination had been given him and that such examination would violate the due process clauses of both the state and federal constitutions and the state election laws. These motions were overruled and the executive committee allowed all parties to make opening statements, following which all seven ballot boxes from District 5 were opened and the contents examined. After the examination of the ballot boxes, the committee heard closing arguments by all parties and then went into executive session. Upon returning into open session, the committee announced that the illegal ballots were to be excluded and the' returns corrected to show that appellee Sisk had received 817 votes compared to 710 votes for appellant Francis and, therefore, that Sisk was the nominee for the office of supervisor.
On October 6 appellant Francis filed a petition for judicial review under Mississippi Code 1942 Annotated section 3182 (1956). This petition was granted and the judge of the special tribunal set October 14 as the date for presentation of all preliminary motions. At that time appellee’s motion for a bill of particulars was sustained and the appellant’s motion to inspect the ballot boxes was also sustained.
On October 18, the date set for hearing, appellant filed a motion to dismiss the contest on the grounds that it was based solely upon matters which would be determined only from an examination of the ballot boxes and that the appellee had made no such examination within the twelve day period allowed by statute. No proof was offered in support of this motion and the court reserved ruling on the same at that time. The appellant, then moved the court to require the appellee to assume the burden of proof and the burden of going forward with the proof, which motions were overruled. The appellant filed a motion for the court to allow an interlocutory appeal to this Court in order to determine who had the burden of proof. *256 After this motion was overruled, appellant then moved the court for a recess until the following morning so that he might petition a justice of this Court to grant an interlocutory appeal. This motion, too, was overruled. Appellant then declined to offer any evidence and rested. Appellee also rested without offering proof. At this time appellant called up his former motion to dismiss, on which the court had reserved its ruling. Overruling this latter motion, the court entered judgment denying the relief prayed for in the petition for judicial review. The order of the county executive committee was affirmed, with appellee Sisk declared and certified to be the nominee for the office of supervisor of District 5 of Monroe County.
The disposition of this cause requires our consideration of only two of the five assigned errors. The first of these is that the court erred in failing to sustain appellant’s motion to dismiss the contest of ap-pellee because of the lack of notice to appellant of appellee’s intention to examine the contents of the District 5 ballot boxes. Appellant urges that Mississippi Code 1942 Annotated section 3169 (1956) provides that within twelve days after the official canvass by the county executive committee, any candidate or his representative shall have the right of full examination of the boxes and their contents upon three days notice to the opposing candidate or candidates. The appellant asserts here, as he did in the special tribunal below, that since appellee made no such application within the twelve day period, the boxes cannot be entered without a judicial hearing. Appellant states that it is obvious that the appellee obtained his information from Clyde Beasley, a candidate for the office of justice of the peace, who complied with the statutory requirements and properly examined the contents of the ballot boxes. Appellant further asserts that this was not the intent of the legislature because entry into the ballot box and the giving of notice to the other candidate is the beginning of an election contest. He insists that having failed to request entry into the ballot boxes within the twelve day period, the appellee is “cut off from contesting” his defeat by appellant, this being a statute of limitations. The determination of the correctness of the special tribunal’s refusal to dismiss the contest of appellee requires consideration of several factors.
The alleged irregularities urged by appellee in his original contest were obviously ascertained from Clyde R. Beasley, a candidate for justice of the peace for District 5, who is the appellee in one of the two companion cases, or they were ascertained from the sheriff, the circuit clerk, or their deputies. An examination of the ballot boxes by appellee Sisk would not have revealed anything more .than was obtained by him from the examination conducted by Beasley. We fail to find any provision in section 3169 or any other section which prohibits a candidate who is contesting a canvass of a primary election from disclosing to other candidates the results of his examination of the ballot boxes.
We do not agree with the assertion of appellant that the giving of notice and the entrance into the ballot boxes is the beginning of the contest and is essential if a contest is to be instituted. Section 3169 does not make it mandatory that one who contests an election must examine the ballot boxes. If an examination is desired, then, within the statutory period, the petition for such examination must be filed with three days notice being given to the opponents.
Any inequity or disadvantage which appellant Francis urges he suffered was nullified when .the special tribunal allowed him two days in which to examine the ballot boxes prior to the hearing of his appeal from the findings of the executive committee. Appellant’s argument that after the expiration of the twelve days he wanted to but could not examine the ballot boxes, resulting in a denial of due process, is without merit since he did examine the boxes for a period of two days. The appellant urges that “there is no difference in an examina *257 tion which was not made and an examination which was made after the expiration of the twelve day period permitted by the statute,” for which no authority is cited. Appellee Sisk did not examine the ballot box illegally, but obtained his information extrinsically, not in violation of any statutory prohibition. The information acquired by Beasley through statutory compliance was legally obtained by him and then conveyed to appellee Sisk. This could have been done by any person who might have been present at the public examination of the ballot boxes. It was sufficient to convince the county executive committee that an examination of all seven ballot boxes of District 5 should be made, and the committee’s examination in turn disclosed the accuracy of appellee Sisk’s contentions regarding the illegality of the 392 ballots. The appellant declined to offer any evidence in support of his motion to dismiss the original complaint of the appellee, Sisk. The allegations of the original contest do not conclusively show to what extent they rest on extrinsic or intrinsic development, nor whether those which rest on extrinsic evidence would entitle appellee to any form of relief. Only the development of an evidentiary record could determine whether this motion should have been granted. In the absence of any proof by the appellant in support of this motion to dismiss, together with the foregoing reasons, we hold that the special tribunal did not err in overruling appellant’s motion to dismiss the original contest of appellee.
In the second assigned error to be considered, the appellant urges that the special tribunal erred in placing the burden of proof upon him rather than upon ap-pellee Sisk, the original contestant. Appellant contends that since appellee Sisk failed to explicitly allege fraud in his original contest before the executive committee, a prima facie presumption of correctness attaches to the original official canvass of the committee, citing as authority Lopez v. Holleman, 219 Miss. 822, 69 So.2d 903 (1954); Sproule v. Fredericks, 69 Miss. 898, 11 So. 472 (1892); Word v. Sykes, 61 Miss. 649 (1884); Oglesby v. Sigman, 58 Miss. 502 (1880). These cases have no application insofar as the rights of appellant Francis are concerned. While it is true that fraud was not literally charged in the petition for review filed by appellee Sisk, it nevertheless is quite clear that in substance fraud was charged, because Sisk alleged that 392 votes were illegally cast and that a reexamination of the boxes by the executive committee would reveal this fact. The appellant asserts that the only issue before the special tribunal was whether or not the first official canvass of the returns of the second primary would be upheld and asserts further that there can be only one official canvass. Appellant concedes, however, that the executive committee can, subsequent .to the official canvass, change its opinion and thereby nullify its previous certification. Appellant qualifies this assertion by urging .that the subsequent actions of the executive committee are subject to being completely obliterated and are obliterated by the filing of a petition for judicial review. This is indeed a unique interpretation of the intention of the legislature. Mississippi Code 1942 Annotated section 3143 (1956) reads, in part, as follows:
(I)t shall be the duty of the executive committee to assemble by call of the chairman or three members of said committee, notice of which contest shall be served five days before said meeting, and after notifying all parties concerned, proceed to investigate the allegations of fraud, and, by majority vote of members present, declare the true results of such primary. (Emphasis added.)
Mississippi Code 1942 Annotated section 3187 (1956) provides in part as follows:
When no final decision has been made in time as hereinabove specified, the name of the nominee declared by the party executive committee shall be printed on the official ballots as the party nominee, but the contest or complaint shall not thereby be dismissed * * *.
*258 These two statutes, when read together, lead to but one conclusion: It was obviously the intention of the legislature that the decision of the county Democratic Executive Committee rendered as the result of an election contest shall stand as the true results of the primary election unless and until superseded by a special tribunal, and it is .to this decision that the presumption of correctness attaches. It cannot be validly asserted even inferentially that this section or any other section contemplates that the original canvass of the executive committee shall be reinstated merely by filing a petition for judicial review.
The appellant’s contention is tantamount to an assertion .that the filing of the petition for judicial review by appellant operates as a supersedeas and reinstates the original canvass of the county executive committee, thereby placing the burden of proof upon the original contestant. There is no merit in this contention, for the reason that the burden of proof is on .the person who is dissatisfied with the official returns which are declared by the executive committee as a result of the investigation of the ballot boxes precipitated by the election contest.
As a result of this contest the appellee, Sisk, was declared to be the nominee of the Democratic Party for the post of supervisor of District 5, and it was his name that would be placed on the ballot for the general election. Appellant Francis, therefore, became the dissatisfied person seeking by means of a special tribunal to set aside the findings of the executive committee, and it is with him that the burden of proof rests.
The appellant’s arguments and the citations of authorities concerned with .the justice of the peace court procedure are not analogous here and have no application to the case at bar.
We conclude that the appellant is the dissatisfied person, and it is incumbent upon him to bring forth evidence sufficient to vitiate the decision which has dissatisfied him. When the appellant decided not to put on any evidence in support of his petition for judicial review, he rendered the special tribunal unable to' supersede the determination of the Democratic Executive Committee that appellee Sisk was the party nominee. It was incumbent upon the appellant to prove that the executive committee erred in finding that the 392 votes were improperly cast, or that an insufficient number of legal ballots were cast for ap-pellee to entitle him .to the democratic nomination. His failure to so act leaves us with no alternative but to affirm the findings of the special tribunal.
Affirmed.
All Justices concur.