INZER, Presiding Justice:
This is an appeal by appellant Ford Jones from an order of a special election tribunal dismissing his contest to the primary election of Fred E. Moorman as the democratic nominee for District 1 Supervisor of Yalobusha County.
The question is whether a contestant must file his contest or complaint with the county executive committee within twenty (20) days after the primary election in view of the alleged repeal of Mississippi Code 1942 Annotated section 3143.
On August 26, 1975, a democratic primary election was held in Yalobusha County. Contestee Fred E. Moorman and contestant Ford Jones were candidates for the democratic nomination for district 1 supervisor. On the following day, August 27, 1975, the county democratic executive committee (hereinafter committee) certified *299 Moorman as the party’s nominee by a vote of 621 to 619. On September 1, 1975, contestant Jones notified all concerned parties that he would examine the ballot boxes for district 1 on September 5, 1975, but by agreement of the parties, the examination was delayed until September 8,1975.
On September 24, 1975, or 29 days after the election Jones filed a formal contest of the election results with the committee. The contest petition, while not literally asserting fraud, charged, inter alia, that the ballot boxes did not contain the certificates, receipt booklet, etc., required by Mississippi Code Annotated section 23-3-19 (1972). The committee declined to hear the petition on its merits because it felt the contest was not timely filed.
On September 29, 1975, Jones filed a petition for judicial review in the Circuit Court of the First Judicial District of Ya-lobusha County. A special tribunal was convened, and on October 21, 1975, the special tribunal affirmed the action of the committee.
Section 3143, Mississippi Code 1942 Annotated, a part of the Corrupt Practice Act pertaining to primary elections, provides in part as follows:
A person desiring to contest the election of another person returned as the nominee of the party to any county or beat office, may, within twenty days after the primary election, file a petition with the secretary, or any member of the county executive committee . . ..
By the provisions of Chapters 506 and 508, Laws of 1970, the legislature attempted to repeal over forty sections of the Code dealing with primary elections, including the foregoing section, and thereby abolish primary elections and to adopt a preferential election, or what is commonly known as an “open primary law.” Thus, if section 3143 and the other sections were repealed, the primary elections held in 1975 were unauthorized by law and void. Therefore, the stated question turns on whether the attempt to repeal section 3143 and the other sections dealing with primary elections ever became effective.
Section 34, Chapter 506, Laws of 1970, is as follows:
If any section, or part of a section, of either House Bill 362 or House Bill 363, Laws of 1970, is declared unconstitutional by a court of competent jurisdiction, or is rendered unenforceable for any reason prior to January 1, 1971, then the Governor of Mississippi shall by proclamation declare this act to be invalid and the laws of the State of Mississippi, affected herein, shall remain in full force and effect as they were prior to the passage of this act.
It is apparent that the legislature did not intend that the repeal of the primary election law should become effective unless the change was approved as required by the Voting Rights Act enacted by Congress in 1965.
This punitive act was designed to apply only to a few southern states, including Mississippi. Section V of the Act, in effect, provides that no political subdivision subject to the act may put into effect any voting law or election practice different from that in effect on November 1, 1964, without first submitting the proposed change to the Attorney General of the United States for his approval or instituting an action in the United States District Court for the District of Columbia for a declaratory judgment that the act did not effectively deny or abridge the right to vote on account of race or color.
In South Carolina v. Katzenbach, 383 U.S. 301, 86 S.Ct. 803, 15 L.Ed.2d 769 (1966), the Supreme Court of the United States upheld the Voting Rights Act as being a legitimate exercise of congressional power to enforce the provisions of the Fifteenth Amendment.
In Allen v. State Board of Elections, 393 U.S. 544, 89 S.Ct. 817, 22 L.Ed.2d 1 (1969), and in Perkins v. Matthews, 400 *300 U.S. 379, 91 S.Ct. 431, 27 L.Ed.2d 476 (1971), the Court in effect held that any change in election procedure or practice, no matter how insignificant, must be submitted for approval as required by the act before the change can become effective.
While we do not look on the Voting Rights Act with favor and it is difficult to understand how it meets constitutional standards, we are compelled to follow the decisions of the Supreme Court of the United States upholding it.
After the passage of Chapter 506 and 508, the act was presented to the Attorney General of the United States for his approval. Apparently, the Attorney General did not approve, because on April 27, 1971, a three-judge federal panel entered an order declaring Chapters 506 and 508 to be inoperative and directing that the primaries and general elections be held, in accordance with the statutes existing prior to November 1, 1964 until such time the new laws were approved as required by the Voting Rights Act of 1965. Thus, the elections in this state since that time have been held in accordance with the laws that existed prior to November 1, 1964.
Thereafter, the provisions of Chapters 506 and 508 were res-ubmitted to the Attorney General of the United States for approval and such approval was not forthcoming. In fact, we take judicial notice that he disapproved the acts. Consequently, the provisions of Chapters 506 and 508 never became effective and the attempted repeal of section 3143 and the other sections never became effective. Therefore, the participants in the primary elections held in 1975 are governed by the provisions of the primary election laws as they existed prior to November 1, 1964, which includes the section here involved.
Since the appellant did not file his contest of the election with the Executive Committee within the twenty days allowed by section 3143, the special tribunal was correct in holding that his contest was not timely filed. For the above and foregoing reasons, this case must be and is affirmed.
Affirmed.
All Justices concur.