331 So.2d 920 (1976)
W.G. (Bill) TODD, Jr.
v.
Norman T. SMITH.
No. 49262.
Supreme Court of Mississippi.
May 4, 1976.
Walker, Franks, Rone, Bridgforth & Woods, Ltd., Mills E. Barbee, Hernando, for appellant.
James E. Cahill, Jr., Senatobia, for appellee.
Before PATTERSON, WALKER and BROOM, JJ.
BROOM, Justice, for the Court:
By an injunction, the name of appellee, Smith (the loser in a democratic primary election), was by the Chancery Court of Tate County ordered placed on the general election ballot for the office of Justice *921 of the Peace[1] of District 3 of Tate County. The injunction effectively eliminated from the general election the winner (appellant, Todd) of the August Democratic Primary. Todd appeals, and we reverse.
The dispositive issue is: Was Smith's proper remedy by petition to the County Democratic Executive Committee under Mississippi Code 1942 Annotated § 3143 (1956), or by bill for injunction in the chancery court?
Todd was a qualified and serving member of the Tate County Election Commission when he decided in the early part of 1975 to run for the office of justice of the peace (District 3). He orally told the election commissioners at their March 1975 meeting that he was resigning to seek the office of justice of the peace. Both he and Smith (the incumbent) filed their affidavits of candidacy and their names were placed on the primary election ballot of August 5, 1975. Smith did not challenge Todd's qualifications or nomination until some thirty-eight days after the democratic primary election in which Todd received 830 votes to Smith's 535. Subsequently Todd was notified by the Tate County Board of Supervisors that he would have to submit a written resignation from the election commission, and on September 2, 1975, he filed his written resignation.
On September 12, 1975, Smith filed a PETITION TO HAVE NAME PLACED ON GENERAL ELECTION BALLOT with the County Election Commissioners of Tate County, Mississippi, alleging that Todd was not eligible to be a candidate for justice of the peace in the August primary because he continued at that time to hold the office of County Election Commissioner. After a hearing, the County Election Commission dismissed Smith's petition, and no appeal was taken. He then filed a BILL FOR INJUNCTION in the Tate County Chancery Court praying for an injunction to prohibit the election commission from placing Todd's name on the general election ballot. Todd's demurrer, and motion to dismiss the Bill were both overruled. Finding that the controversy was "not an election contest  " and that Todd had not effectively resigned from the election commission, the chancellor ordered the election commission to place Smith's name on the general election ballot. In the November 1975 general election Smith defeated an independent candidate and assumed the office of justice of the peace.
Todd contends that Smith failed to properly contest the election. He correctly argues that Smith's remedy would have been by petition to the Democratic County Executive Committee as provided by Mississippi Code 1942 Annotated § 3143 (1956), "within twenty days after the primary election." As this Court recently held in Jones v. Moorman, 327 So.2d 298 (Miss. 1976), § 3143 was not effectively repealed by the Mississippi Legislature and is still in effect. Smith had an adequate remedy at law under § 3143 which he failed to pursue within the twenty day time limit. In fact, he never petitioned the County Democratic Executive Committee contesting the primary election results, but sought relief from the county election commission and the chancery court.
Smith argues that § 3143 is not applicable because there was no charge of fraud. Both Smith's petition to the election commission and his bill for injunction charged that "all votes cast for him [Todd] are illegal;" fraud is implicit in such a charge. Jones v. Moorman, supra; Francis v. Sisk, 205 So.2d 254 (Miss. 1967). Since Smith's proper remedy was under § 3143 which he failed to pursue, the chancery court was without jurisdiction to grant him injunctive relief upon the facts revealed by the record before us.
*922 It follows that the order of the chancery court must be reversed and a special election shall be called in accordance with Mississippi Code Annotated § 23-3-55 (1972).
REVERSED AND SPECIAL ELECTION TO BE CALLED.
GILLESPIE, C.J., PATTERSON and INZER, P. JJ., and SMITH, ROBERTSON, SUGG, WALKER and LEE, JJ., concur.
NOTES
[1] We note that the office of justice of the peace has become that of justice court judge. Miss.Const. Art. VI, § 171, as amended (1975).