PIERCE, Justice,
for the Court:
¶ 1. In November 2008, P. Leslie Riley and an organization known as Personhood Mississippi filed an initiative, now known as Measure 26, with the Office of the Secretary of State. The initiative was quali *1262 fied by the Secretary of the State to be placed on the general-election ballot. Thereafter, Deborah Hughes and Cristen Hemmins (“Plaintiffs”) filed a complaint for declaratory and injunctive relief in Hinds County Circuit Court against Secretary of State Delbert Hosemann, challenging Measure 26 as a violation of Article 15, Section 273(5)(a) of the Mississippi Constitution.[1]
¶ 2. On August 10, 2010, Plaintiffs filed a motion for judgment on the pleadings. The Secretary of State replied with a response to that motion. Then, on September 30, 2010, the trial court entered and approved an Agreed Order, allowing Riley and Personhood Mississippi (collectively, “Intervenors”) to intervene. In that same order, all parties agreed that this case was “based on questions of law” and “should be resolved by way of judgment on the pleadings.” Subsequently, after considering the motion and responses, having heard oral argument,[2] and being otherwise fully advised in these matters, the trial court denied Plaintiffs’ motion for judgment on the pleadings, finding that they had not carried their heavy burden in attempting to restrict the citizenry’s right to amend the Constitution.
¶ 3. Thereafter, the trial court entered an additional order, titled “Final Judgment.” The trial court ruled that the denial of Plaintiffs’ motion for judgment on the pleadings disposed of the case. Additionally, the trial court ruled that “final judgment is hereby entered in favor of the” Secretary of State and the Intervenors. Plaintiffs now appeal the trial court’s decision.
ANALYSIS
¶ 4. On appeal, Plaintiffs request that this Court reverse the judgment of the trial court, find that Measure 26 is unconstitutional and invalid, and enjoin the Secretary of State from placing Measure 26 on the ballot in the November 2011 election. This opinion in no way speaks to the merits of Measure 26, but rather focuses on whether Measure 26 is ripe for review by the judiciary, which is a question of law. This Court conducts a de novo review of questions of law. Miss. Transp. Comm’n v. Fires, 693 So.2d 917, 920 (Miss.1997).
¶ 5. Throughout the record, Plaintiffs question the substance[3] of Measure 26. However, Plaintiffs have not raised any objections to the form of Measure 26 as set forth in Mississippi Code Sections 23-17-1 to 23-17-61. To be clear, it is the province of this Court to interpret the meaning of the Mississippi Constitution, and no opinion issued by this Court has interpreted the meaning of the word person as it is used throughout the Constitution. The dissent worries that Measure 26 “seeks to modify the definition” of “person or persons” as they appear in the Mississippi Constitution. But those terms have never been defined. Therefore, Measure 26 cannot modify a definition that does not now exist.
¶ 6. Essentially, Plaintiffs ask this Court to render judgment upon the substance of Intervenors’ initiative — its constitutionality — in advance of the election. The dissent questions the majority’s un *1263 derstanding of what Plaintiffs are seeking, yet it is clear that Plaintiffs are requesting a ruling on the substance of the proposal— its text — which is the essence of substantive review. Even my learned colleague admits in dissent that Plaintiffs are attacking the “very text of Measure 26,” which, again, is the fundamental nature of a substantive inquiry. Issuing a ruling on whether the text comports with the Constitution would be the same as issuing a substantive ruling on the constitutionality of the proposal itself, which this Court is without authority to do. Power v. Ratliff, 112 Miss. 88, 72 So. 864, 867 (1916); Barnes v. Barnett, 241 Miss. 206, 129 So.2d 638, 642 (1961). As a matter of judicial policy, this Court does not issue advisory opinions.
¶ 7. Ultimately, the judiciary’s power is restricted in reviewing the constitutionality of a proposal, regardless of whether that proposal is proffered by a legislator or through a voter initiative. Our law provides that this Court cannot interfere with the legislative act of the people, just as this Court cannot interfere with the attempt of the Legislature to pass a law. See Ratliff, 72 So. at 867; see also Barnett, 129 So.2d at 642. Moreover, this Court has found that advance opinions will not be issued to remove alleged clouds or uncertainties from proposed statutes or constitutional amendments. See Ratliff, 72 So. at 867. It is not within the province of this Court to render advisory opinions. Sheldon v. Ladner, 205 Miss. 264, 38 So.2d 718, 719-20 (1949); see also Tallahatchie Gen. Hosp. v. Howe, 49 So.3d 86, 93 (Miss.2010) (“[T]his Court does not issue advisory opinions.”).
¶ 8. In 2000, this Court found that it did have authority to review the constitutionality of proposed initiatives. In re Proposed Initiative Measure No. 20, 774 So.2d 397, 401 (Miss.2000). But the authority which would grant the Measure 20 Court that power is glaringly absent from its analysis. Id. This Court cannot draw upon authority which it does not have. Common Cause of Mississippi v. Smith, 548 So.2d 412, 414 (Miss.1989) (citing Jackson v. Gordon, 194 Miss. 268, 11 So.2d 901, 902 (1943)).
¶ 9. In Measure 20, the Court was presented with a pre-election challenge to “a proposed initiative measure to prohibit gambling within the state, except gambling sponsored by religious, educational or wildlife organizations.”[4] Measure 20, 774 So.2d at 398. The trial court had held that the measure would not be placed on the ballot because, among other things, it “im-permissibly attempted to amend the Bill of Rights[,]” and “failed to include a government revenue impact statement” as required by Article 15, Section 273(4) of the Mississippi Constitution. Id. at 399. On appeal, the Measure 20 Court focused mainly on the sponsor’s compliance with the government revenue-impact-statement requirement of Article 15, Section 273(4). Id. at 401-02. The Court concluded that the measure “clearly violate[d] Section 273(4)” as it did “not include a government *1264 revenue impact statement!],]” a defect in form. Id. at 402.
¶ 10. Notwithstanding that dispositive conclusion, the Measure 20 Court expanded its remarks gratuitously to consider whether all measures are subject to “substantive review by the courts.” Id. at 401 (emphasis added). While the Measure 20 Court recognized Ratliff for the proposition that “proposed initiatives will not be reviewed by this or any other court for their wisdom and merit[,] ... [t]he voters make those decisions!],]” it then proceeded to disregard the result and principles announced in Ratliff. Id. (citing Ratliff, 72 So. at 864).
¶ 11. Specifically, without any supporting citation, the Measure 20 Court stated that “proposed initiatives are subject to review of form and, therefore, content inasmuch as content affects form and form affects content. Simply put, initiatives must meet minimum constitutional and statutory requirements, prior to being placed on the ballot to ensure full disclosure and notice to the electorate.” Measure 20, 774 So.2d at 401. The Measure 20 Court added further that there must be a “place” and “procedure” for reviewing the “facial constitutionality of a proposed initiative. ...” Id. But, given Measure 20’s holding that the absence of a government revenue-impact statement “clearly violates Section 273(4)[,]” all additional comments regarding the “substantive review” of proposed initiative measures were mere dicta — surplusage, which no court is bound to follow.
¶ 12. For those who argue that these statements were necessary for the disposition of the case, those conclusions are unfounded. Form and substance are separable, because content relates to what composed something (i.e., the different fibers that together form cloth), whereas form involves appearance or shape (i.e., the color or pattern of the cloth), apart from the materials. If Measure 20 suggests that form is inseparable from content, such a notion is unsupported both by existing law in this State and, more fundamentally, the basic laws of physics.[5] Legally, any attorney who objects to a leading question[6] can appreciate the distinction. See URCCC 1.11; see also Miss. R. Civ. P. 7 cmt. (distinguishing substance and form in motions). Physically, the fact that ice, snow, and steam are all different forms of the same substance (water) undoubtedly illustrates the natural distinction between form and content.
¶ 13. All can agree that “minimum constitutional and statutory requirements” must be met before a measure is “placed on the ballot....” Measure 20, 774 So.2d at 401. There are two stages for challenging an initiative-driven constitutional amendment: 1) pre-election, as to form, and 2) post-election, as to substance. The Measure 20 Court muddied the water, and to the extent that Measure 20 is read to provide pre-election substantive review of proposed constitutional amendments, it is overruled.[7] We agree with the dissent that the wisdom and merit of proposed *1265 initiatives are best left to the purview of the voters. See Measure 20, 774 So.2d at 401 (citing Ratliff, 72 So. at 864). Thus, we must return to and follow the proper standard as articulated in both Ratliff and Barnett. This Court is without power to determine the constitutionality of a proposed statute, amendment, or initiative prior to its approval by the Legislature or electorate.
¶ 14. The dissent agrees that Ratliff prohibits substantive challenges, yet it equates the situation at hand to “facial validity,” hinging on the notion that the issue before us concerns “the very text of Measure 26.” Yet, the dissent ignores the fact that this Court cannot address the validity of a proposal prior to an election. The dissent relies upon Robertson to question the validity of the petition, but there is no authority which allows this Court to address the validity of the proposal prior to an election. The Robertson Court possessed the authority to address validity-this is the distinguishing mark of Robertson. Robertson, 93 So. at 772. There, the Court had the power to review validity, as the Constitution at that time allowed validity to be attacked. See id. Nothing in our Constitution as it exists today gives this Court the authority to review the validity of a proposal prior to its enactment, which is exactly what Plaintiffs request this Court to do.[8] This Court is without power to interfere with pre-election proposals, because to do so may place the administration of government at the footstool of the judiciary. Ratliff, 72 So. at 866-67.
¶ 15. In the trial court’s final order, it entered a judgment in favor of the Secretary of State and Intervenors against Plaintiffs. However, neither the Secretary of State nor Intervenors proffered a motion or counterclaim requesting any relief or judgment. Even though one might allege that Measure 26 violates Article 15, Section 273(5)(a), that determination is premature, because this Court would have to review the substantive constitutionality of the proposal prior to its enactment. Additionally, this Court would have to decide issues on appeal that were not clearly or properly addressed by the trial court. We simply cannot render a decision on the constitutionality of a proposal pre-election. See Ratliff, 72 So. at 867; see also Barnett, 129 So.2d at 642. This Court repeatedly has held that we cannot and will not rule upon issues not decided by the trial court below. “Logic is strained at the thought of an appellate court affirming or reversing a decision never made.” Tricon Metals & Servs., Inc. v. Topp, 516 So.2d 236, 239 (Miss.1987). Just as this Court cannot prohibit legislators from offering proposals in the House or Senate, this Court cannot impede voters from submitting proposals through the voter initiative process.
¶ 16. Pre-election challenges of voter-initiative proposals are subject only to the review of the sufficiency of the petition[9] itself (i.e., its form) and not its constitutionality (i.e., its substance). Miss. Const, art. 15, § 273(9); see also Miss.Code Ann. §§ 23-17-13,[10] -23,[11] -25 (Rev.2007).[12] *1266 This Court will exercise judicial restraint and follow the reasoning of the majority of courts throughout the United States, both federal and state, which:
have articulated a policy of deference toward direct legislation processes. For example, in an early case the United States Supreme Court declined to review a challenge asserting that the initiative is inconsistent with the federal constitutional guarantee of a republican form of government, declaring the issue a nonjusticiable political question.
James D. Gordon, III & David B. Magle-by, Pre-Election Judicial Review of Initiatives and Referendums, 64 Notre Dame L.Rev. 298, 300-01 (1989) (citing Pacific States Tel. & Tel. Co. v. Oregon, 223 U.S. 118, 150-51, 32 S.Ct. 224, 231, 56 L.Ed. 377 (1912)). We cannot invade the territory of the Legislature or the electorate to review the substantive validity of a proposed initiative, and thereby, we will honor the maxim embodied in the constitutional mandate of separation of powers. Miss Const, art. 1, §§ 1, 2.
CONCLUSION
¶ 17. Measure 26 is not ripe for review. Thus, we vacate the trial court’s final judgment in favor of Intervenors and Secretary Hosemann. We render judgment, finally dismissing plaintiffs’ complaint and this action without prejudice.
¶ 18. VACATED AND DISMISSED.
WALLER, C.J., CARLSON AND DICKINSON, P.JJ., RANDOLPH, LAMAR AND CHANDLER, JJ., CONCUR. RANDOLPH, J., SPECIALLY CONCURS WITH SEPARATE WRITTEN OPINION JOINED BY WALLER, C.J., CARLSON AND DICKINSON, P.JJ., LAMAR, CHANDLER AND PIERCE, JJ. KITCHENS, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY KING, J.

.Plaintiffs did not dispute the form of the petition, as they did not challenge the sufficiency of the petition and/or the ballot title or summary of the proposed initiative measure. See Miss.Code Ann. §§ 23-17-13, -23, -25 (Rev.2007).

. In the trial court’s October 26, 2010, order, it stated that it had heard oral argument. No transcript of an oral argument is in the record on appeal.

. They question the meaning of the words used within the text of Measure 26.

. The initiative and referendum amendment, which had been inserted into the Mississippi Constitution following a general election in November 1914, was deemed unconstitutional and void in 1922. See State ex rel. Moore v. Molpus, 578 So.2d 624, 628 (Miss.1991); Power v. Robertson, 130 Miss. 188, 93 So. 769, 775-77 (1922). Thereafter, a specified initiative process was nonexistent in Mississippi until 1992, when Article 15, Section 273 of the Mississippi Constitution was amended to provide that “[ajmendments to this Constitution may be proposed by the Legislature or by initiative of the people." Miss. Const, art. 15, § 273(1) (emphasis added). In 2000, Measure 20 provided the first appellate challenge to a proposed initiative measure following the 1992 amendment.

. The dissent erroneously finds that the Measure 20 Court did not equate content with substance. Yet, that is exactly what that Court did in finding that content affects form and form affects content. See Measure 20, 774 So.2d at 401.

. This is an objection to its form, although the content of the question may pertain to the most critical element of the case.

.We agree with the dissent's proposition that the Measure 20 Court in no way decided the case on the underlying merits of whether prohibiting gambling is unconstitutional under the Bill of Rights, but to the extent Measure 20 is read otherwise, it is overruled.

. “The making of the laws belongs to a coordinate branch of the government, and the courts have nothing to do with the making, but must deal altogether with the finished product." Ratliff, 72 So. at 867 (emphasis added).

. When read in accordance with Mississippi Code Sections 23-17-1 to 23-17-61, “sufficiency of petitions” found in Article 15, Section 273(9) refers to Mississippi Code Sections 23-17-13, -23, -25.

. Mississippi Code Section 23-17-13 allows a challenge of the ballot title or summary formulated by the Attorney General. Miss. Code Ann. § 23-17-13 (Rev.2007).

. Mississippi Code Section 23-17-23 allows the Secretary of State to refuse to file an *1266 initiative because: the petition is not in the proper form; the petition bears insufficient signatures; one or more of the signatures on the petition is invalid; the time within which the petition can be filed has expired; and the petition is not accompanied with appropriate filing fee. Miss.Code Ann. § 23-17-23 (Rev. 2007).

. Mississippi Code Section 23-17-25 provides that if the Secretary of State refuses to file an initiative, the sponsor of the initiative can seek an order from this Court requiring the Secretary of State to bring the petition before the Court and for a writ of mandamus compelling him to file it. Then, this Court can review only the "legal form,” the signatures, the time within which the initiative was filed, and whether the petition was accompanied with the appropriate filing fee. Miss. Code Ann. § 23-17-25 (Rev.2007).