CHANDLER, Justice,
concurring in result only:
¶ 28. I concur with the majority that the circuit court’s decision must be reversed and this case dismissed, but for different reasons than those the majority cites. The majority finds it clear that the Voter Initiative Act does not permit judicial review of ballot titles for alternative measures proposed by the Legislature. I disagree and would find that the Act is hopelessly ambiguous as to whether the appeal to circuit court provided by Mississippi Code Section 23-17-13 applies to alternative measures. Miss.Code Ann. § 23-17-13 (Rev.2007). What I believe to be clear is that judicial review of a ballot *1220 title for an alternative measure would thrust Mississippi’s courts into the midst of a nonjustieiable political question and implicate the ripeness doctrine. Therefore, I respectfully concur in result only. I join Presiding Justice Randolph’s separate opinion in part insofar as he agrees with my position that review of the ballot title at issue presents a political question.

A. Statutory Ambiguity

¶ 29. When considering the meaning of a statute, this Court’s goal is to discern and give effect to the legislative intent. City of Natchez v. Sullivan, 612 So.2d 1087, 1089 (Miss.1992). We begin by looking to the plain language of the statute. Lawson v. Honeywell Int’l, Inc., 75 So.3d 1024, 1027 (Miss.2011). If the statute’s terms are unambiguous, we will apply the plain meaning of the statute. Id. But if a statute suffers from ambiguity, we will turn to principles of statutory construction to determine the legislative intent. Id.
¶ 30. Section 23-17-13 of the Voter Initiative Act is ambiguous as to whether it provides for an appeal to the circuit court from a ballot title of an alternative measure. The Act deals with two different types of “measures.” The first type is a measure that is proposed by a petition of qualified electors under Section 273 of the Mississippi Constitution, which I will refer to as an “initiative measure.” The second type of measure, which I will refer to as an “alternative measure,” is an alternative to the initiative measure that is adopted by the Legislature. Although the Act deals with two types of measures, Section 23-17-1 contains a definition of the term “measure” that includes only the initiative measure. It states: “[f]or the purposes of this chapter, the following term shall have the meaning ascribed herein: ‘Measure’ means an amendment to the Mississippi Constitution proposed by a petition of qualified electors under Section 273, Mississippi Constitution of 1890.” Miss.Code Ann. § 23-17-1(1) (Rev.2007).
¶ 31. Because the term “measure” is used inconsistently throughout the Act, applying the Act’s definition of “measure” every time the word appears in the Act would create absurd results. ■ In Section 23-17-3, the very next section of the Act, the statute refers to “a proposed initiative measure,” which clearly means the “measure” defined in Section 23-17-1, but adds adjectives to make sure the reader knows what type of measure is involved. Miss. Code Ann. § 23-17-3 (Rev.2007). Section 23-17-5, which governs submission of an initiative measure to the Attorney General, refers to a “proposed initiative measure,” a “proposed measure,” and a “measure.” Miss.Code Ann. § 23-17-5 (Rev.2007). Section 23-17-7, Section 23-17-9 and Section 23-17-11 all use “initiative measure,” and then, “measure.” Miss.Code Ann. §§ 23-17-7 through 23-17-11 (Rev.2007). If the definition of “measure” were as clear as the majority surmises, then no qualifying adjectives would have been needed to convey that these statutes apply only to an initiative measure, not an alternative measure.
1132. Section 23-17-31 introduces the alternative measure. It provides that the Legislature may “reject[ ] a measure submitted to it by initiative petition and adopt[] an amendment to the measure proposed by initiative petition.” Miss. Code Ann. § 23-17-31(1) (Rev.2007). This measure shall be “designated as Alternative Measure No. _A.” Id. Section 23-17-33 governs the ballot title for an alternative measure. Miss.Code. Ann. § 23-17-33 (Rev.2007). Section 23-17-33 states:
For a measure designated by him as “Alternative Measure No. _,” the Secretary of State shall obtain from the *1221 Attorney General a ballot title in the manner provided by Section 23-17-9. The ballot title therefor shall be different from the ballot title of the measure in lieu of which it is proposed, and shall indicate, as clearly as possible, the essential differences in the measure.
Id. Ignoring the statutory definition of “measure,” Section 23-17-33 uses “measure in lieu of which it is proposed” to signify the initiative measure, and “measure” to signify the alternative measure. To substitute the statutory definition of “measure” in both places it appears in Section 23-17-33 would lead to nonsensical results.
¶ 33. The use of the word “measure” in a manner inconsistent with its statutory definition continues in subsequent sections. Section 23-17-37 prescribes the procedure for voting on an initiative measure when an alternative measure is proposed. Miss. Code Ann. § 23-17-37 (Rev.2007). It states that the ballot titles of the initiative measure and the alternative measure are to be printed on the official ballots. Id. Then it states that “the measure receiving a majority of the votes ... and also receiving not less than forty percent (40%) of the total votes cast at the election at which the measure was submitted for approval shall be law.” Id. (emphasis added). It could not be more plain that the Legislature’s use of the word “measure” in Section 23-17-37 is at odds with the statutory definition.
¶ 34. Section 23-17-13 provides that a person dissatisfied with the ballot title drafted by the Attorney General may appeal to the circuit court “by petition setting forth the measure, the title or summary formulated by the Attorney General, and his or her objections....” Miss.Code Ann. § 23-17-13 (Rev.2007). The majority finds it to be clear that the statutory definition limits the right of appeal to the initiative measure. But because the word “measure” is used inconsistently throughout the Act to refer either to an initiative measure or an alternative measure, I would find that the meaning of “measure” in Section 23-17-13 is ambiguous.
¶ 35. The majority finds that the appeal deadline and notice requirement in Section 23-17-13 support its conclusion that Section 23-17-13 plainly does not allow appeals of ballot titles of alternative measures. Section 23-17-13 provides that an aggrieved party may appeal “within five (5) days from the publications of the ballot title and summary by the office of the Secretary of State.” Miss.Code Ann. § 23-17-13 (Rev.2007). Under Section 23-17-11, only the ballot title and summary for an initiative measure are published. Miss.Code Ann. § 23-17-11 (Rev. 2007). If Section 23-17-13 were applied to ballot titles from alternative measures, there would be no deadline to appeal from the Attorney General’s formulation of the ballot title. Section 23-17-13 also provides that a copy of the petition on appeal and a notice of appeal “shall be served upon ... the person proposing the measure if the appeal is initiated by someone other than that person.” Miss.Code Ann. § 23-17-13 (Rev.2007). Section 23-17-13 makes no explicit provision for notifying the Legislature of an appeal of the ballot title of an alternative measure. Certainly, these two features of Section 23-17-13 tend to show that Section 23-17-13 was not intended to provide an appeal from the ballot title of an alternative measure.
¶ 36. Nonetheless, the absence of an appeal deadline and notice provision are far from conclusive on the question of whether Section 23-17-13 embraces appeals concerning alternative measures. This is because Section 23-17-33 states that “the Secretary of State shall obtain from the Attorney General a ballot title in *1222 the manner provided by Section 23-17-9.” Miss.Code Ann. § 23-17-33 (Rev.2007). Section 23-17-9 states:
Within seven (7) calendar days after the receipt of an initiative measure, the Attorney General shall formulate and transmit to the Secretary of State a concise statement posed as a question and not to exceed twenty (20) words, bearing the serial number of the measure and a summary of the measure, not to exceed seventy-five (75) words, to follow the statement. The statement shall give a true and impartial statement of the purpose of the measure. Neither the statement nor the summary may intentionally be an argument, nor likely to create prejudice, either for or against the measure. Such concise statement shall constitute the ballot title. The ballot title formulated by the Attorney General shall be the ballot title of the measure unless changed on appeal. When practicable, the question posed by the ballot title shall be written in such a way that an affirmative answer to such question and an affirmative vote on the measure would result in a change in then current law, and a negative answer to the question and a negative vote on the measure would result in no change to then current law.
Miss.Code Ann. § 23-17-9 (Rev.2007) (emphasis added). The Legislature contends, and the majority finds, that “in the manner provided by Section 23-17-9” clearly excludes the appeal provision. But Section 23-17-9 provides the appeal process as part of a comprehensive procedure for finalizing a ballot title formulated by the Attorney General. Because Section 23-17-33 invokes that procedure for ballot titles for alternative measures, a strong argument exists that the Act’s language provides an appeal from a ballot title for an alternative measure. ■ Given the inconsistencies I have identified, Section 23-17-13 is ambiguous as to whether it provides for an appeal in this case, But because I believe this case presents a nonjusticiable political question, I would construe the statute in a manner that permits no appeal. “When one construction of a statute would endanger its constitutionality, it will be construed in harmony with the Constitution if, under the language of the statute, this may reasonably be done” Bd. of Tr. of State Inst. of Higher Learning v. Ray, 809 So.2d 627, 636 (Miss.2002) (quoting Jackson v. State, 337 So.2d 1242, 1251 (Miss.1976) (superseded by statute on unrelated grounds)).

B. Political Question

¶ 37. The political-question doctrine is rooted in separation of powers. Baker v. Carr, 369 U.S. 186, 210, 82 S.Ct. 691, 7 L.Ed.2d 663 (1962). The doctrine “excludes from judicial review those controversies which revolve around policy choices and value determinations constitutionally committed for resolution to the halls of Congress or the confines of the Executive Branch.” Ghane v. Mid-S. Inst. of Self Def. Shooting, Inc., 137 So.3d 212, 217 (Miss.2014) (quoting Japan Whaling Ass’n v. Am. Cetacean Soc’y, 478 U.S. 221, 230, 106 S.Ct. 2860, 92 L.Ed.2d 166 (1986)). “In determining whether a question falls within (the political question) category, the appropriateness under our system of government of attributing finality to the action of the political departments and also the lack of satisfactory criteria for a judicial determination are dominant considerations.” Baker, 369 U.S. at 210, 82 S.Ct. 691 (quoting Coleman v. Miller, 307 U.S. 433, 454-55, 59 S.Ct. 972, 83 L.Ed. 1385 (1939)).
¶ 38. A nonjusticiable political question may be found if any one of six independent factors exists, including
*1223 (1) a textually demonstrable constitutional commitment of the issue to a coordinate political department; or
(2) a lack of judicially discoverable and manageable standards for resolving it; or
(3) the impossibility of deciding without an initial policy determination of a kind clearly for nonjudicial discretion; or
(4) the impossibility of a court’s undertaking independent resolution without expressing lack of the respect due coordinate branches of government; or
(5) an unusual need for unquestionable adherence to a political decision already made; or
(6) the potentiality of embarrassment from multifarious pronouncements by various departments on one question.
Ghane, 137 So.3d at 217-18 (quoting Baker, 369 U.S. at 217, 82 S.Ct. 691, 7 L.Ed.2d 663). If one of these factors is inextricable from the case, a political question exists, and the case will be dismissed as nonjusti-ciable. Ghane, 137 So.3d at 218 (citing Baker, 369 U.S. at 217, 82 S.Ct. 691)..
¶ 39. Turning to this case, Article 15, Section 273 of the Mississippi Constitution provides that the Legislature can amend an initiative measure and both “the amended version and the original initiative shall be submitted to the electors.” Miss. Const, art. 15, § 273(7). It further states that “[t]he ballot titles of both such measures shall be so printed on the official ballots that a voter can express separately two (2) preferences: First, by voting for the approval of either measure or against both measures, and secondly, by voting for one measure or the other measure.” Miss. Const, art. 15, § 273(8). With the Voter Initiative Act, the Legislature provided for the Attorney General to draft the ballot titles for initiative measures and alternative measures according to statutory requirements. Miss.Code Ann. § 23-17-9 (Rev.2007); Miss.Code Ann. § 23-17-33 (Rev.2007). The Legislature also provided for an appeal to circuit court of the Attorney General’s ballot title. Miss.Code Ann. § 23-17-13 (Rev.2007).
¶ 40. On appeal, the circuit court “may hear arguments, and, within ten (10) days, shall render its decision and file with the Secretary of State a certified copy of such ballot title or summary as it determines will meet the requirements of Section 23-17-9.” Miss.Code Ann. § 23-17-13 (Rev. 2007). Section 23-17-9 provides the following requirements for drafting a ballot title:
The statement shall give a true and impartial statement of the purpose of the measure. Neither the statement nor the summary may intentionally be an argument, nor likely to create prejudice, either for or against the measure .... ■ When practicable, the question posed by the ballot title shall be written in such a way that an affirmative answer to such question and an affirmative vote on the measure would result in a change in then current law, and a negative answer to the question and a negative vote on the measure would result in no change .to then current law.
Miss.Code Ann. § 23-17-9 (Rev.2007). For an alternative measure, the ballot title must “be different from the ballot title of the measure in lieu of which it is proposed, and shall indicate, as clearly as possible, the essential differences in the measure.” Miss.Code Ann. 23-17-33 (Rev.2007).
¶ 41. To hold in favor of Shipman, this Court would have to construe Section 23-17-13 to allow an appeal to circuit court from the ballot title of an alternative measure. To resolve an appeal under Section 23-17-13, the circuit court must file with the Secretary of State a ballot title that complies with Sections 23-17-9 and 23-17- *1224 33. Thus, the judiciary’s task under Section 23-17-13 is not to interpret language, that is, to determine what language means, as we customarily do in statutory or constitutional interpretation, but actually to draft the ballot title for a measure that will appear on the ballot in an upcoming election. I would find that drafting a ballot title for an alternative measure exhibits a “lack of satisfactory criteria for a judicial determination” and epitomizes a “lack of judicially discoverable and manageable standards” for resolution. See Baker, 369 U.S. at 210, 217, 82 S.Ct. 691, 7 L.Ed.2d 663. The Legislature should not employ the judiciary as a draftsman for a ballot title for its alternative measure. To do so enmeshes the judiciary too deeply in the political process. “It is not the policy of this state to have elections and other political matters of government reserved to legislative discretion to be interfered with by the judges and officers of the judicial department of the government.” Gibbs v. McIntosh, 78 Miss. 648, 29 So. 465-66 (1901).
¶ 42. Additionally, requiring the judiciary to, draft a ballot title for an upcoming election implicates the ripeness doctrine, because it requires a court to render an advance opinion on the meaning of the measure. In Hughes v. Hosemann, 68 So.3d 1260, 1266 (Miss.2011), we found that a challenge to the substance of a proposed constitutional amendment was not ripe for júdicial review. The plaintiffs had challenged the proposed constitutional amendment on the ground that its passage would violate the Constitution’s ban on modifying the Bill of Rights. Id. at 1265. We held that “[tjhis Court is without power to determine the constitutionality of a proposed statute, amendment, or initiative prior to its approval by the Legislature or electorate.” Id. Recognizing the judiciary’s deference to the legislative process, we stated that “[w]e cannot invade the territory of the Legislature or the electorate to review the substantive validity of a proposed initiative, and thereby, we will honor the maxim embodied in the constitutional mandate of separation of powers.” Id. at 1266. This Court also held that pre-election review of the substance of a proposed initiative measure would constitute an advisory opinion. Id. at 1263. Ship-man contends that this case does not run afoul of Hughes because no advance opinion on the substance of the alternative measure is required. But drafting a ballot-title to comply with Sections 23-17-9 and 23-17-33 necessitates interpreting the measure’s language. The judiciary’s drafting of ballot titles would create precedent with the foreseeable effect of constraining the Court in a future constitutional challenge once an amendment has passed.
¶ 43. Under our constitution, a measure’s ballot title is the only explanation of the measure that is seen by the electorate on the ballot. The judiciary has no more business drafting the ballot title than it does drafting or editing the words of the measure itself. I would hold that drafting a ballot title for an alternative measure presents a nonjusticiable political question. It implicates the ripeness doctrine and our policy against issuing advisory opinions. Therefore, while I would find that Section 23-17-13 is ambiguous as to whether an appeal exists from a ballot title of an alter-' native measure, I would not construe the statute to provide an appeal.
RANDOLPH, P.J., JOINS THIS OPINION IN PART.