PIERCE, Justice,
dissenting:
¶ 65. Had the Legislature clearly articulated that the Alternative Measure was not appealable, I would agree with the majority. But it did not. As Justice Chandler concludes, “... the Act is hopelessly ambiguous as to whether the appeal to circuit court provided by Mississippi Code Section 23-17-13 applies to alternative measures.”
*1231 ¶ 66. Amendments to the Constitution may be proposed either by the Legislature or by an initiative of the people. Miss. Const, art. 15, § 278(1).
¶ 67. A proposed amendment using the initiative process has multiple requirements. For example, the Attorney General, after receiving the initiative, must formulate a concise statement, posed as a question, and a summary of the measure. The concise statement is commonly referred to as the “ballot title.” Under Mississippi Code Section 28-17-9, the statement must be impartial and must not be intentionally argumentative or prejudicial. Additionally, the title must not exceed twenty words and the measure’s summary is limited to seventy-five. Miss.Code Ann. § 23-17-9 (Rev.2007).[12]
¶ 68. Section 23-17-9 provides “the ballot title formulated by the Attorney General shall be the ballot title of the measure unless changed on appeal.” The section states that, when possible, the title should be formulated so that an elector could answer in the affirmative to amend the existing law, or conversely, in the negative, to leave the law the same.
¶ 69. Upon receiving a qualified initiative, the Secretary of State must file the certified initiative with the Clerk of the House and the Secretary of the Senate. Miss. Const, art 15, § 273(6). The Legislature may adopt, amend, or reject a constitutional initiative by majority vote. Miss. Const, art. 15, § 273(6). If the Legislature votes to amend an initiative or reject an initiative, it shall submit an alternative measure to the people’s proposal, and both measures shall be submitted to the voters. Miss. Const, art. 15, § 273(7)-(8).
¶ 70. Section 273 of Article 15 to the Mississippi Constitution is explicit regarding the presentation of both measures to the voters. The measures must be presented such that a voter could vote either against both measures, or in favor of one measure over the other. Miss. Const, art. 15, § 273(8).
¶ 71. The majority readily admits that the “statutory language at issue ... can be confusing.” Justice Chandler’s concurring-in-result opinion demonstrates this point well. I take the position that, because the Legislature failed to articulate statutorily that an alternative measure is not appealable, the ambiguity should be interpreted against the Legislature. Section 23-17-13 gives any dissatisfied person the right to challenge the Attorney General’s formulation of a ballot title or summary, and the ballot-title-issue proceeding is appealable. Because an appeal is a privilege and not a right, the resolution of this question is founded in statutory interpretation. Nowhere is the ability to appeal a ballot title to the circuit court explicitly limited by statutory language or caselaw.
¶ 72. Section 23-17-9 states, in pertinent part, that the ballot title formulated by the Attorney General “shall give a true and impartial statement of the purpose of the measure[,]” and “shall be the ballot title of the measure unless changed on appeal.” Miss.Code Ann. § 23-17-9 (Rev. *1232 2007). Thus, it is clear from a plain reading of the statute that ballot titles formulated by the Attorney General are appeal-able.
¶ 73. The Legislature argues that Section 23-17-13 provides only for review of ballot measures and does not provide for review of alternative measures or ballot titles. In other words, the Legislature employs a strict, reading of Section 23-17-13, taken to mean that the circuit court may review only original measures created by the people and may not review legislative alternatives to the original measures.
¶ 74. The Legislature contends, and the majority agrees, that the language of Section 23-17-13 mentions only “measures” and not alternative measures. This, according to the majority, indicates that the Legislature, in drafting Section 23-17-13, did not grant authority to the circuit court to review alternative measures. Apart from a generous reading of the statutes in question, there is no legal support for the contention that Section 23-17-13 applies only to voter initiatives.
¶ 75. When considering the merits of this case of first impression, this Court has no pronounced standard of review regarding the circuit court’s decision to reformulate the Attorney General’s ballot title. The standard for the title composure, under Section 23-17-9, is that the title must be impartial and must not be intentionally argumentative or prejudicial. Additionally, the title must not exceed twenty words, and the measure’s summary is limited to seventy-five words. Under Section 23-17-33, the ballot title must be “different from the ballot title of the measure in lieu of which it is proposed, and shall indicate, as clearly as possible, the essential differences in the measure.” Section 23-17-9 provides that, when possible, the title should be formulated so that an elector could answer in the affirmative to amend the existing law, or conversely, in the negative, to leave the law the same.
¶ 76. The alternative ballot title was changed by the circuit court after its finding that the title, as drafted by the Attorney General, did not comport with Mississippi law. When presented to the circuit court, the title read:
Should the Legislature provide for the establishment and support of effective free public schools without judicial enforcement?
This title, without making any assessment of its content, at minimum, adhered to Section 23-17-9, in that an affirmative answer would change the law, and an answer in the negative would leave the law unchanged.
¶ 77. The circuit court’s revised version read:
Should the Legislature establish and support effective schools, but not provide a mechanism to enforce that right?
This version of the title presents a problem regarding the affirmative/negative concern expressed in the governing code section. Specifically, a voter may not simply answer “yes” or “no” in response to the question posed, because inclusion of the conjunction “but” makes the seemingly singular question a two-pronged query. While it is possible that a voter could answer affirmatively that the Legislature should establish and support effective schools and that no mechanism should exist to enforce that right, it is also possible that a voter could answer “yes” to the first part of the question and answer “no” to the latter. This confuses the voting process and violates the governing code section. Additionally, Judge Kidd had excised the “free public” language before the word “schools,” which also may be misleading to the voters. Both the original *1233 and alternative measures included the phrase “free public schools,” as does the current Constitution.
¶ 78. To conclude, • the circuit court erred because its revised title did not comport with the affirmative/negative consideration imposed by the statute. In addition, the circuit court did not adequately explain the basis of its decision. It simply adopted one of the revised titles submitted by Shipman. I would reverse and remand with a strict scheduling order which would allow this Court adequate time to review, should the circuit court’s decision be appealed. A compressed time schedule would be necessary in order for the Secretary of State to timely print ballots upon final resolution of this dispute.

. I agree with Justice Randolph that there are significant shortcomings in the entire process. However, I disagree with Justice Randolph's assertion that analyzing the issue before us violates the holding of Hughes v. Hosemann, 68 So.3d 1260 (Miss.2011). I wrote Hughes. Hughes, in footnote 10, recognized that Mississippi Code Section 23-17-13-allows a challenge to the ballot title. No one before the Court in this matter has challenged the substance of either Initiative 42 or Alternative Measure 42A. The only matter before this Court is the form of the question to be on the ballot for Alternative Measure 42A.