EN BANC ORDER
MICHAEL K. RANDOLPH,
PRESIDING JUSTICE FOR THE COURT
Before the Court, en banc, is Thomas Loden’s Successive Petition for Post-Conviction Relief, the State’s Response, and Loden’s Reply. Restated, Lo-den’s issue was whether the State’s use of midazolam as part of the three-drug, lethal-injection protocol violates Mississippi Code Section 99-19-51 (Supp. 2016) because it is not an “ultra-short acting barbiturate or other similar drug.” However, the Legislature has since amended Section 99-19-51. See 2017 Miss. Laws H.B. 638. The statute now requires an “appropriate anesthetic or sedative,” as defined by the new statute. The statute having been amended, Loden’s issue becomes moot. After due consideration, the Court finds that the successive petition should be dismissed as moot.[1]
IT IS THEREFORE ORDERED that the Successive Petition for Post-Conviction Relief filed by Thomas Loden is dismissed as moot.
SO ORDERED.
DICKINSON, P.J., AGREES WITH ORDER WITH SEPARATE WRITTEN STATEMENT.
KITCHENS, J., OBJECTS TO THE ORDER WITH SEPARATE WRITTEN STATEMENT JOINED BY WALLER, C.J., AND KING, J.
DICKINSON, PRESIDING JUSTICE, AGREEING WITH ORDER WITH SEPARATE WRITTEN STATEMENT:
¶ 1. As a matter of fairness, this Court generally does not decide cases or dispose of motions for reasons the losing parties have had no opportunity to brief. Today we do so because Loden’s claim was based on a portion of Section 99-19-51 that was amended while his motion was pending before this Court. He now is subject to a new version of Section 99-19-51. The basis for today’s order is the mootness of his current claim, and in no way addresses whether midazolam is or is not a permissible drug under the statute now in effect.
KITCHENS, JUSTICE, OBJECTING TO THE ORDER WITH SEPARATE WRITTEN STATEMENT:
¶ 2. In view of the statutory change, I would order supplemental briefing to allow the parties the opportunity to present arguments under the new statute.
WALLER, C.J., AND KING, J., JOIN THIS SEPARATE WRITTEN STATEMENT.

. The purpose of judicial opinions and orders is to vet opposing views, determine which viewpoint best comports with the rule of law, and rule accordingly, We decline to advise Loden and/or his very experienced counsel on a way to proceed with any future claims for “[i]t is not within the province of this Court to render advisory opinions.” Hughes v. Hosemann, 68 So.3d 1260, 1263 (Miss. 2011). See also Tallahatchie Gen. Hosp. v. Howe, 49 So.3d 86, 93 (Miss. 2010) ("[T]his Court does not issue advisory opinions.").