# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2016-EC-00400-SCT

*TUNICA COUNTY DEMOCRATIC EXECUTIVE COMMITTEE*

*v.*

*CRAIG JONES AND WILLIAM PEGRAM*

| | |
|---|---|
| DATE OF JUDGMENT: | 02/10/2016 |
| TRIAL JUDGE: | HON. HENRY L. LACKEY |
| TRIAL COURT ATTORNEYS: | CHARLES BUCKLEY GRAVES, JR. |
| | JAMIE FERGUSON JACKS |
| | JAMES KEVIN LITTLETON, III |
| | WILLIE GRIFFIN |
| | KENNETH JERMAINE GRIGSBY |
| COURT FROM WHICH APPEALED: | TUNICA COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | JAMES KEVIN LITTLETON, III |
| ATTORNEYS FOR APPELLEES: | JAMIE FERGUSON JACKS |
| | CHARLES BUCKLEY GRAVES, JR. |
| NATURE OF THE CASE: | CIVIL - ELECTION CONTEST |
| DISPOSITION: | VACATED - 06/15/2017 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE DICKINSON, P.J., KING AND CHAMBERLIN, JJ.**

**KING, JUSTICE, FOR THE COURT:**

¶1.     Craig Jones filed a petition for judicial review of the Tunica County Democratic Executive Committee's (TCDEC) decision that he was not qualified to run in its primary for Tunica County Board of Supervisors, Beat Five position.  The trial court found that Jones's name should be on the primary ballot.  TCDEC appealed, but failed to prosecute the appeal

and kept Jones's name off the primary ballot. The trial court then vacated the primary election one day before the general election, which took place and which was won by an independent candidate. Jones then petitioned under Mississippi Rule of Civil Procedure 60 for relief from the judgment vacating the primary election, which the trial court granted. Because the trial court lacked authority to enter the second and third orders, as no election contest was ever filed, this Court vacates those orders and notes that the uncontested election results currently stand.

**FACTS AND PROCEDURAL HISTORY**

¶2. On March 17, 2015, Jones filed a petition for judicial review of the decision of the TCDEC that he was not qualified to run for the position of county supervisor. His petition was assigned Cause Number 2015-0033. This Court appointed Judge Henry Lackey to hear cause number 2015-0033, stating that he was appointed "to preside over the matter herein involved." On May 21, 2015, the court found that Jones was qualified to be a candidate, overruled the decision of the TCDEC, and directed that Jones's name be placed on the primary ballot. The TCDEC appealed to this Court on May 27, 2015. On June 11, 2015, Mildred Conley, the chairperson of the TCDEC, sent a letter to the Tunica County Circuit Court clerk stating that Jones "shall no longer appear on the upcoming election ballots until a Supreme Court ruling has been reached. We are therefore requesting that these names be removed effective immediately upon this notification. Once the names have been removed we will then sign off on the ballots."

¶3.     On June 24, 2015, the Clerk of this Court sent a deficiency notice to the TCDEC stating that if the appeal costs were not paid, the record designation was not filed, and the certificate of compliance was not filed within fourteen days, this Court would dismiss the appeal for failure to prosecute it. On July 16, 2015, the Clerk of this Court consequently dismissed the appeal for failure to pay the costs of the appeal. On July 28, 2015, the TCDEC filed a motion for reconsideration. The primary election was held on August 4, 2015, without Jones on the ballot. McKinley Daley won that primary. On August 19, 2015, Jones filed a Motion to Dismiss Appeal and for Award of Damages. On August 21, 2015, this Court ordered the TCDEC to respond to Jones's motion. The TCDEC did not file a response. On August 26, 2015, a panel of this Court thus denied the TCDEC's motion for reconsideration and found that the mandate should issue on the prior dismissal of the appeal. The mandate issued on September 3, 2015.

¶4.     On October 12, 2015, Jones filed a Petition to Vacate the Primary Election for Beat 5 Supervisor and to Set a Special Election in Cause No. 2015-0033. He argued that the TCDEC failed to follow proper procedure under Mississippi Code Section 23-15-961, and that the court should consequently vacate the nomination of Daley and order a special election for the Democratic nominee for Beat Five supervisor of Tunica County. On October 26, 2015, the court ordered that the election and nomination of Daley as the Democratic nominee be vacated and that a special election "be held in the manner and time required by law by the Tunica County Democratic Executive Committee, with Craig Jones and all other qualified candidates on the ballot, on such date as the Governor's Office shall call or set."

3

The order was filed on November 2, 2015. The general election was held November 3, 2015, with Daley and independent candidate William Pegram on the ballot. Pegram won the general election by a vote of 334 to 323. Because the Democratic primary had been vacated by the circuit court order, the Board of Supervisors refused to seat Pegram, and instead appointed Daley as interim board member for Beat Five. Neither the TCDEC nor Daley filed an election challenge to the general election.

¶5. The TCDEC then requested on November 19, 2015, that Governor Phil Bryant set a special election. Governor Bryant declined to do so, noting in a letter dated December 7, 2015, that Section 23-15-961, the procedural vehicle through which the challenge was made in this case, did not provide any authority for the Governor to set a special election. On December 16, 2015, the TCDEC filed an Emergency Motion for Clarification and Stay, which Jones opposed, arguing that to grant the motion would effectively unseat Pegram, and that Pegram should be joined in the suit. On the same day that he filed his response opposing the TCDEC's motion, Jones filed a Motion to Set Aside Order. In it, he noted that the relief sought in the cause was pursuant to Section 23-15-961, and that the court was without authority to vacate the primary or to order a new election. He also noted that the relief granted in the November 2, 2015, order is not permitted by law. Jones consequently requested pursuant to Mississippi Rule of Civil Procedure 60 that the court enter an order setting aside its Order Vacating the Primary Election for Beat Five Supervisor and Setting a Special Election. On January 20, 2016, Pegram filed a motion to intervene in the action. On February 18, 2016, the circuit court found "sufficient justification under Rule 60 of the

4

Mississippi Rules of Civil Procedure to set aside the November 2, 2015 Order calling for a special election." The court reasoned that Jones had withdrawn all challenges, so it would be inequitable to order a special election for Jones when Jones was no longer asserting his "rights" to a special election, that the TCDEC cannot argue for a special election for Jones when its position throughout the litigation was that Jones was unqualified to run, that the court did not know that an independent candidate was on the general election ballot at the time of its November 2, 2015, order, and that no election contest had been filed. The court further found that Pegram was the duly elected supervisor and that Daley should be removed from the seat immediately.

¶6. The TCDEC appeals this decision to this Court, this time prosecuting its appeal. It argues that 1) the trial court exceeded the authority granted it for all actions after it entered its order regarding Jones's original petition for review; 2) the trial court had no authority to vacate the primary election; 3) the trial court had no authority to vacate its order vacating the primary; 4) the trial court lacked authority to find Mildred Conley in contempt a second time; 5) Jones never filed an election contest under Sections 23-15-921 and 23-15-927, thus the trial court was without authority to vacate the primary election; 6) the trial court lacked authority to declare Pegram as the winner of the general election; 7) the trial court lacked authority to grant Pegram's motion to intervene; 8) the only way to restore fairness and equity is to order a special election for the position of Supervisor for Beat Five. We will combine and rearrange these issues for clarity and brevity.

**ANALYSIS**

¶7.     In a candidate qualification case, this Court reviews questions of law de novo and reviews the trial court's findings of fact for manifest error. *Hale v. State Democratic Exec. Comm.*, 168 So. 3d 946, 951 (Miss. 2015).

*1. Whether the trial court had the authority to issue the November 2, 2015, and February 18, 2016, orders*.

¶8.     As all parties vociferously emphasize, Jones filed a petition for judicial review under Mississippi Code Section 23-15-961. Section 23-15-961 provides that a "party aggrieved by the action or inaction of the appropriate executive committee" regarding the qualifications of a candidate for nomination in a party primary may file a petition for judicial review in the circuit court. Miss. Code Ann. § 23-15-961(1)-(4) (Rev. 2015). The original petition with the executive committee must be filed within ten days after the qualifying deadline, and the petition for judicial review must be filed no later than fifteen days after the petition was originally filed with the executive committee, meaning that all challenges to qualifications must be filed within twenty-five days after the qualifying deadline. Miss. Code Ann. § 23-15-961(1), (4) (Rev. 2015). The power of the trial judge's determination is statutorily limited to "determin[ing] whether the candidate whose qualifications have been challenged is legally qualified to have his name placed upon the ballot in question." Miss. Code Ann. § 23-15-961(5) (Rev. 2015). The aggrieved party may file an appeal with the Supreme Court within three days of the circuit court judgment. Miss. Code Ann. § 23-15-961(6) (Rev. 2015). "The Supreme Court shall have the authority to grant such relief as is appropriate under the circumstances." *Id.* The statute provides that this procedure "shall be the sole and only manner in which the qualifications of a candidate seeking public office as a party nominee

6

may be challenged *prior to the time of his nomination or election*." Miss. Code Ann. § 23-15-961(7) (Rev. 2015) (emphasis added). "After a party nominee has been elected to public office, the election may be challenged as otherwise provided by law." *Id.*

¶9.     Mississippi Code Section 23-15-921 provides the procedural vehicle to challenge a primary election after it has occurred.

> Except as otherwise provided by Section 23-15-961, a person desiring to contest the election of another person returned as the nominee of the party to any county or county district office . . . may, within twenty (20) days after the primary election, file a petition with the secretary, or any member of the county executive committee in the county in which the election was held, setting forth the grounds upon which the primary election is contested[.]

Miss. Code Ann. § 23-15-921 (Rev. 2015). Section 23-15-927 provides for judicial review of executive committee action or inaction following a contest, and provides that such a petition for judicial review must bear the certificate of two practicing attorneys who state that they have each made a full independent investigation, and they believe the protest and petition should be sustained. Miss. Code Ann. § 23-15-927 (Rev. 2015). Section 23-15-951 provides the procedure to contest a general election. Miss. Code Ann. § 23-15-951 (Rev. 2015).

¶10.    Jones filed a petition for judicial review under Section 23-15-961. The trial court followed the missive of the statute and this Court's appointment and determined that Jones should be on the ballot in the Democratic primary. The statute gives the trial court no authority to vacate any elections or order special elections. Indeed, the statutory scheme provides a different vehicle through which to make a challenge once an election, primary or general, has occurred. No such election contest was filed by anyone in this case regarding

7

either the primary or the general election. This Court has noted that "the statutory provision is the exclusive remedy for deciding election contest issues." ***In re Wilbourn***, 590 So. 2d 1381, 1386 (Miss. 1991). Deciding that a primary election that has occurred is invalid because of the failure to follow a court order regarding qualifications is an election *contest* issue. *See **id.***

¶11. Moreover, this Court appointed Judge Lackey to hear the qualifications matter, which he heard and concluded. The circuit court had no authority under Section 23-15-961 to vacate the primary and order a new primary election. The circuit court's third order vacated the second order under Rule 60 for the primary reason that Jones no longer wanted the result he asked for in the second order, and declared Pegram as the Beat Five supervisor and ordered that he have all rights and privileges thereto. While it seems appropriate that the November 2, 2015, order be subject to Rule 60,[1] the circuit court went further in the February 18, 2016, order than simply granting Rule 60 relief from the November 2, 2015, order. It affirmatively ordered that Pegram be seated and be the Beat Five supervisor, something it had no authority to do under Section 23-15-961.[2]

¶12. It appears that the second and third orders went beyond the circuit court's authority under the statute and Judge Lackey's authority under his appointment by this Court. No one

---

[1]Rule 60 provides for relief from judgment where the judgment is void, it is no longer equitable that the judgment should have prospective application, or any other reason justifying relief from the judgment. M.R.C.P. 60(b) (4)-(6).

[2]"This Court further finds that Mr. William Pegram is the duly elected District 5 Supervisor for Tunica County, that Mr. Pegram should be afforded all benefits of that position including all compensation and benefits due to him since January 1, 2016 and that Mr. McKinley Daley should be removed from the District 5 Supervisor seat immediately."

filed an election contest for either the primary or the general election. The TCDEC argues that the equitable thing to do would be to order a new election for Beat Five supervisor. This argument fails for several straightforward reasons: 1) the TCDEC did not file an election contest to the general election; 2) with no election contest filed, this Court has no authority to order a new election; 3) the TCDEC has argued vociferously that Judge Lackey had no authority to order a new election after the primary because Jones did not file an election challenge, and its argument that this Court has the authority to order a new election without the TCDEC having filed an election contest is consequently inconsistent; and 4) the TCDEC failed to prosecute its original appeal, thus the TCDEC is essentially the root cause of this confusion.

¶13. Because the circuit court went further than a simple Rule 60 order in its third order, this Court vacates the November 2, 2015, and February 18, 2016, orders, and clarifies that, because no election contests were filed, the uncontested election results currently stand.

## 2. Whether the trial court had authority to find Conley in contempt a second time.

¶14. The record gives absolutely no indication that the trial court found Conley in contempt a second time. The hearing transcript indicates a desire on the part of the judge to do so and an indication that further hearings would occur, but the record contains no indication that this came to fruition. Indeed, the TCDEC's brief indicates that Conley was not actually held in contempt, stating that "it is clear that there is an *intent* by the Court to sanction Mildred Conley twice for conduct . . . ." (Emphasis added.) This Court does not issue advisory opinions. *Hughes v. Hosemann*, 68 So. 3d 1260, 1263 (Miss. 2011).

***3. Whether the trial court lacked authority to grant Pegram's motion to intervene.***

¶15.    Because this Court vacates the circuit court's second and third orders, this issue is moot and this Court need not address it.

## CONCLUSION

¶16.    The trial court had no authority to order a special election under Section 23-15-961. Nor does this Court have the authority to order a special election, given that no election contest has been filed, and the original appeal under Section 23-15-961 was not prosecuted. This Court vacates the November 2, 2015, and February 18, 2016, orders and we note that the uncontested election results currently stand.

¶17.    **VACATED.**

**WALLER, C.J., DICKINSON AND RANDOLPH, P.JJ., KITCHENS, COLEMAN, MAXWELL, BEAM AND CHAMBERLIN, JJ., CONCUR.**